## HAWKINS v. COLLIER.
### No. 12211.

Court of Civil Appeals of Texas.
Galveston.

Dec. 7, 1950.

D. J. Wilson, Galveston, for appellant.

Williams & Thornton, Robert R. Thornton and Bryan F. Williams, Jr., all of Galveston, for appellee.

GRAVES, Justice.

This appeal is from a $20,000.00-judgment of the 10th District Court of Galveston County in favor of the appellee, as a representative of the community estate of himself and his wife, against the appellant, entered by the court in strict accord therewith upon the jury's verdict in response to special issues-of-fact submitted to it, wherein the jury found such sum to have been

reasonable compensation to the appellee for personal injuries found to have been sustained by his wife while working as "a cleaning woman" on the premises of appellant, known as "Hawkins Cottages."

Appellant, in the operation of his "Cottages," or tourist camp, was not a subscriber under the Workmen's Compensation Law of Texas, Art. 8306 et seq., R.C.S., Vernon's Ann.Civ.St. art. 8306 et seq., hence this suit had nothing to do with compensation benefits as such, but was for damages for personal injuries to appellee's wife pursuant to Section 4 of Article 8306; in its essence it was based on the following alleged three grounds for recovery, which were submitted by the court to the jury in its Special Issues Nos. 5 to 11, inclusive, to-wit:

"1. The Appellant furnished Mrs. Collier gasoline to clean with, that such act was negligent and proximately caused her injuries;

"2. The Appellant failed to furnish her with a safe cleaning fluid, that such act was negligent and proximately caused her injuries, and

"3. The Appellant failed to give Mrs. Collier a proper and sufficient warning of the dangers attendant upon the contemplated use of gasoline, and that such failure proximately caused her injuries."

In response to others of the issues so submitted by the court, the jury, in brief substance, found:

"During the month of January, 1948, Hazel Collier, the wife of Appellee, plaintiff below, went to work at the "Hawkins Cottages," as a cleaning woman. Her job required her to clean certain designated cabins after the tenants had left them. She continued working there until May 28, 1948, when she was injured while using gasoline to clean the floors of one of the cabins. The gasoline had been given to her by one of the agents, or servants, of Appellant, with instructions as to how to use it, and on the aforesaid date, it exploded while she was cleaning one of the cabins, burning her severely, and requiring her removal to the John Sealy Hospital of Galveston, Texas, for treatment."

As indicated, the trial court made no independent findings of its own, but entered its judgment upon the jury's verdict on the special-issues so submitted, all of which were answered in the appellee's favor.

Through some 23 points-of-error, appellant challenges the judgment so adverse to him, most of which charge procedural errors upon the trial court's part, in giving and refusing to give various special-issues to the jury, while some attack its specific findings as not having been supported by the evidence, including one to the effect that the $20,000.00-amount of damages so found was grossly excessive; a final one assigned the court's having overruled appellant's motion to enter an order nunc pro tunc, on substantially this presentment:

that back on July 1, 1949, the Judge of the trial court then sitting directed appellant's counsel herein to then prepare an order sustaining appellant's special exception to that part of the appellee's original petition herein which failed to show in Paragraph VI(b) how he arrived at the alleged amount of $11,233.00 of his damages, declaring that he would sign the same; that such order had never been so prepared nor signed, hence on the trial of this cause on March 20, 1950, the then-sitting judge should have at that belated date entered such former order of the prior judge, in response to appellant's stated motion therefor.

Appellant's point #23, so presenting such nunc-pro-tunc order contention, is overruled as being without merit, upon these, among other considerations:

(1) No such claimed order of July 1, 1949, appears in the record as having ever been entered; indeed, appellant's point # 23 does not contend that it was; 23 Tex. Jur., 430, Section 63;

(2) The appellee thereupon filed his first and second amended original petitions, curing such alleged defect, which amendments completely superseded such former original pleading. Rule 65, Texas Rules of Civil Procedure; Putty v. Faulkner, Tex. Civ.App., 214 S.W.2d 831; Hunt v. Employers' Reinsurance Corp., Tex.Civ.App., 219 S.W.2d 482, ref. n. r. e.; Putty v. Faulkner, supra.

In the further state of the record brought here, this Court finds no reversible error to have been pointed out by appellant in any of his extended other assignments.

His presentment, through a number of such points, that the trial court should have given explanatory instructions to the jury to the effect that the burden of proof was carried by the appellee upon the entire cause, as well as upon the status of Mrs. Collier as an employee of the appellant, upon the issues as to appellant's negligence, its proximate result, and, finally, as to the nature and extent of the injuries sustained by Mrs. Collier, were clearly inconsistent with the status of the cause before the Court.

As indicated, it was not a trial before the jury on a general charge of the Court, but was submitted upon special-issues-of-fact, pursuant to Rule 277, T.R.C.P.

As further indicated, supra, in those special-issues the trial court literally cross-examined the jury on every phase of the appellee's cause-of-action, as well as the appellant's defense thereto; whereas, appellant's contentions for such instructions were inconsistent with the special-issue method of submitting causes; indeed, this inapplicability of his requested special-instructions as to the burden of proof is made plain by the fact that many of the cases he cites in support thereof were those wherein the courts were concerned with the proper method of charging the jury when the cause was being submitted on a general charge; whereas, in instances like this one, wherein special-issues are used, the objective, as well as the approved practice, seems to be that the special-issues themselves should be so worded as to properly place the burden of proof on each particular point inquired about. That practice was followed in the cause at bar, since each issue began with this inquiry "Do you find from a preponderance of the evidence that, etc?", and there followed such wording of the question-of-fact therein propounded as to properly place the burden of proof.

That such is the proper method of submitting special-issues seems to have been clearly established by our courts in these,

among other, holdings. Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Traders & General Ins. Co. v. Jenkins, 135 Tex. 232, 141 S.W.2d 312; United Employers Casualty Co. v. Bezdek, Tex.Civ.App., 146 S.W.2d 473; Goree v. Hansen, Tex.Civ.App., 214 S.W.2d 824.

Appellant's attacks upon the sufficiency of the evidence to sustain the jury's answers to the special-issues submitted are overruled, as being without merit.

As appears from the above-quoted three-grounds-of-recovery, upon which the appellee sued, detailed inquiries were submitted in the special-issues to the jury, whose verdict sustained, in substance, all three of the claimed bases for a recovery; and this Court, from a careful examination of the statement-of-facts, is unable to sustain Appellant's contentions that there was any lack in the testimony to sustain any of the findings; it is true there appeared numerous conflicts in the testimony of the witnesses, relating to these structural issues, but they were only such as it was the exclusive privilege of the jury to resolve; Wheat v. Texas Co., Tex.Civ.App., 159 S.W.2d 238.

In a word, it is held that none of appellant's objections to the submission of the special-issues to the jury, nor to the receipt by the Court of their verdict thereon, can be sustained; on the contrary, it is thought that the issues so submitted constituted the issues-of-fact raised by the pleadings and the evidence—and all of them—and that the jury's answers thereto were sustained by the evidence.

It follows that the appealed-from judgment should be upheld, unless the $20,000-judgment so allowed the appellee should be found to be excessive.

Under the pleadings and proof upon this phase, this Court is unable to hold that the amount awarded the appellee was any more than the jury found it to be—that is, reasonable compensation to the appellee for the entire damages so resulting to his wife. It is not deemed essential that extended discussion be had upon this inquiry. In the first place, there is no showing in this rec-

ord that any bias, or prejudice, constituted the basis for any part of the jury's answer to special issue #18, submitting the question as to the appellee's damages, and which the jury answered by fixing the sum of $20,000.00.

■ The court properly charged the elements of damage, enuring to the appellee's wife, in its submission of them to the jury's decision; they being—in very brief substance—inclusive of the following; (a) physical pain and mental anguish from the time of the accident to the time of this trial, as well as in the future; (b) lost-earnings sustained by her, from the time of the accident declared upon to the time of the trial below; (c) her diminished-capacity to labor and earn money in the future; and (d) the hospital and doctor's bills paid or incurred by her for the treatment of her injuries.

There appears to have been on the trial no evidence contradicting that of the appellee, with reference to his stated-claims for damages; not only so, but there was, in this Court's opinion, sufficient evidence in his behalf to render the jury's findings to be reasonable and fair results of and deductions from such testimony.

In other words, there appears no unreasonableness in any of the total recovery, when the elements, under the evidence, of it are looked into, and appraised.

■ For instance, the appellee asked the sum of $11,232 for the loss of the future earnings of his wife, who was shown to have a life-expectancy of 20 years, in the future; whereas, first, she was earning at the time of her injury $18 to $20 per week, or $936 per year, which, for her life-expectancy, would total $18,720.

In addition, accrued medical-bills to the time of trial, totaling $592.00, were testified to; so that, on the fact of such record, the appellee suffered under the indicated items a total of $21,824 in damages, which did not include the elements of suffering referred to.

In these circumstances, the total recovery, it is thought, should not be held to be excessive.

Without further discussion, the judgment is affirmed. Tex.Jur. 360-407, Sec. 205-Sec. 237. 13 Tex.Jur. 395, Sec. 229. El Paso Electric Co. v. Gregston, Tex.Civ.App., 170 S.W.2d 515, err. ref.; Wells v. Ford, Tex. Civ.App., 118 S.W.2d 420; Combined Am. Ins. Co. v. Morgan, Tex.Civ.App., 214 S. W.2d 145.

Affirmed.