Clifford WARD and Jack Enmon,
Appellants,

v.

C. L. WINGATE, Appellee.

No. 5072.

Court of Civil Appeals of Texas.

Beaumont.

June 30, 1955.

Stephenson & Stephenson, Orange, for appellants.

W. P. Sexton, Orange, for appellee.

R. L. MURRAY, Chief Justice.

The appellee, C. L. Wingate, plaintiff in the trial court, brought this suit against Clifford Ward and Jack Enmon, defendants below and here appellants, on June 21, 1949, seeking to rescind a contract of

sale of a truck transferred to appellee by appellants, and seeking to recover damages under the contract of sale. In appellee's original petition, he sought relief as follows: (1) Rescission of the contract and cancellation of a promissory note given as part of the purchase price; (2) recovery of $690 allegedly paid on the purchase price; (3) recovery of $1,000 for loss of profits and use of the truck transferred by appellants to appellee. The plaintiff alleged fraudulent representations by appellants of the model and capacity of truck, as the basis for the rescission, cancellation and recovery of damages.

Defendants filed a plea in abatement and numerous exceptions to plaintiff's petition; and plaintiff filed an amended original petition seeking the same relief except the cancellation of the promissory note. Defendants again filed a plea in abatement, numerous exceptions, general and special denials, and a cross-action for a false and fraudulent representation of the model and capacity of the truck traded to defendants by plaintiff.

Trial was had before the court without a jury, and a judgment was entered awarding the plaintiff damages in the amount of $527 against the defendants and cross-plaintiffs, and awarding the defendants and cross-plaintiffs the recovery of $150 as a set-off against the sum awarded to plaintiff.

The appellants filed a motion for new trial which was overruled by operation of law, and they have perfected their appeal to this court.

Under Points 1, 2, and 3 the appellants attack the judgment of the court, and say that the judgment against them was based on the wrong measure of damages for fraudulent representations.

The evidence was conflicting but it was sufficient to support the trial court's finding that the appellee traded one truck for another to the appellants and paid a small sum of money and also signed a note for the balance of the purchase price; that both parties to the deal misrepresented to the other the age and model of the truck being traded. It is apparent from the findings of the court and its judgment that the damages awarded amounted to the difference of values of the trucks as they were represented to be and as actually delivered. The appellants say now on appeal that this was the wrong measure of damages and under the case of Collier v. Bankston-Hall Motors, Inc., Tex.Civ.App., 267 S.W.2d 898, they are correct. In that case it is held that the proper measure of damages in such a case is the difference in the value of that which appellant parted with and that which he received under the agreement. The appellants, however, in their pleading on which they went to trial, prayed for damages against the appellee for fraudulent representations as to the model and tonnage of the trade-in truck which they got from appellee, prayed for damages in the sum of $200 and alleged "this being the difference between the value of said truck as represented and the truck that was actually delivered to them." In the same pleading, in an exception to the petition of the appellee for damages, they said that appellee was not entitled to recover for damages which he sought to recover, and say that "the correct measure of damages, if any, would be the difference in value of the truck alleged to have been purchased and received by plaintiffs and the actual value or the value at which it would have had if it were as warranted." It appears then that the trial court was led into applying the erroneous measure of damages by both parties in the case, and he applied such measure of damages against both parties for misrepresentations. Under these circumstances we do not think that the appellants can now complain of the action of the trial court, since they sought the application of the measure of damages in the judgment by their own pleadings.

By their Points Nos. 4, 5, 6, 7, and 8 the appellants complain of the action of the trial court in allowing special damages

in the judgment against them in the sum of $277.

■ Appellee pleaded and proved that in the deal between the parties he had paid $90 cash and had traded in his old truck; that he paid $100 to install a special body on the truck for use in his business of hauling cattle; that he paid $87.42 on a note he gave as part of the purchase; that the truck was unsuitable for the work for which he wanted to use it in his business and that he, therefore, could not pay his notes and lost the truck by foreclosure to the finance company owning the note. He says then as special damages he lost the $90 paid in cash, the $100 he paid for a truck body and the $87 he paid on the note, as a direct consequence of the fraudulent representations made by the appellants. The appellants duly excepted to such pleading of special damages and also objected to the introduction of evidence in proof thereof. We think these items of damage did not come within the scope of special damages allowable in such cases since they are not the proximate consequence of these fraudulent representations. Texarkana Motor Co. v. Brashears, Tex. Civ.App., 37 S.W.2d 773; W. D. Sessum Motor Co. v. White, Tex.Civ.App., 261 S.W. 405. We sustain these points of the appellants and hold that such amount of $277 of special damages was erroneously awarded by the judgment of the trial court.

■ Under Points 9 and 10 appellants say that the evidence was insufficient to support the finding of the trial court that they misrepresented anything about the truck to the appellee. Some of the parties said they did and some said they did not.

The contract called "statement of transaction" stated that the truck was as represented, a 1948 truck, but the title certificate recited that it was a 1949 truck. This fact, supported by the testimony of the appellee, was sufficient to support the finding of the trial court and these points are overruled.

■ Under Point No. 11 appellants say that the remedies sought by the appellee were different and conflicting and that when he filed his original petition for rescission of the contract he was estopped from seeking to recover damages under the contract. This point is overruled. In his amended petition the appellee sought damages and in that petition, as an amended pleading, sought only damages for wrongful representations and he abandoned the relief prayed for in his original petition. The amended pleadings supplanted the original petition. Dyche v. Simmons, Tex. Civ.App., 264 S.W.2d 208. The original petition then became no longer a part of the pleadings in the case under Rule 65, Texas Rules of Civil Procedure. This point is overruled.

We believe that the judgment of the trial court should be reformed by striking out the award of $277 for special damages. The judgment is therefore reformed so as to award the appellee C. L. Wingate the sum of $100 against the appellants Clifford Ward and Jack Enmons with interest thereon, and as so reformed, the judgment is affirmed.

The costs of this appeal are assessed one-half against the appellants and one-half against the appellee.