**PURE OIL COMPANY, Appellant,**

v.

**Walton Berry FOWLER et al., Appellees.**

**No. 15235.**

Court of Civil Appeals of Texas.

Dallas.

April 19, 1957.

Rehearing Denied May 17, 1957.

Vinson, Elkins, Weems & Searls, C. E. Bryson and J. M. Hopper, Houston, for appellant.

Robert G. Vial, Dallas, for appellees.

DIXON, Chief Justice.

This suit was brought by appellee Martha Fowler, individually and as next friend in behalf of her three minor children to recover title and possession of twenty-five shares of stock issued by First National Bank in Dallas and forty shares of stock issued by Pure Oil Company. The defendants were Walton R. Fowler, Jr., Walton

R. Fowler, Sr., Republic National Bank of Dallas, First National Bank in Dallas, and Pure Oil Company.

Appellee in her original petition alleges that the names of the three minor children were removed from certain stock certificates without consideration or legal authority from the owners, or their legal guardians, and that new stock certificates were then fraudulently issued in the name of Walton R. Fowler, Sr.

Various cross-actions and third-party actions were filed by the defendants. Among them was a third-party action by First National Bank in Dallas against Rupe Investment Corporation and Republic National Bank of Dallas, alleging that First National Bank had relied on written guarantees of said third parties that the endorsements on the stock certificates were genuine. Republic National Bank of Dallas also filed a third-party action alleging that its part in the transfer of the stock was in reliance upon the guarantee of Rupe Investment Corporation that the said endorsements were genuine.

Appellee Martha Fowler, suing as next friend of the children, and defendant First National Bank in Dallas, as third-party plaintiff, filed motions for summary judgment, which were sustained. Accordingly judgment was rendered in favor of the three minor children for recovery of twenty-five shares of stock in First National Bank in Dallas and for forty shares of stock in Pure Oil Company, and for return by Walton Fowler, Jr., of dividends received by him from the Bank and the Oil Company.

The judgment against First National Bank in Dallas was immediately satisfied by the delivery by said Bank to appellee of twenty-five shares of Bank stock. Then judgment was rendered in favor of First National Bank in Dallas for $862.50, the value of the twenty-five shares of stock, against Republic National Bank of Dallas and Rupe Investment Corporation, guaran-

tors of the transfer signatures on the original stock certificates.

On the same day that the above judgments were rendered the trial court severed appellee's cause of action from the third-party actions and cross-actions which involved the original defendants and Rupe Investment Corporation. Appellee then dismissed without prejudice her suit against Walton R. Fowler, Jr., Walton R. Fowler, Sr., and Republic National Bank of Dallas. As a result of the severance and dismissals, appellee's judgment in behalf of the children became a final appealable judgment in the trial court against First National Bank in Dallas and Pure Oil Company. As we have already said, First National Bank in Dallas at once satisfied the judgment against it, but Pure Oil Company has appealed.

Facts

The summary judgment in favor of appellee in behalf of the children against Pure Oil Company is based on affidavits, depositions, and admissions of the parties.

Walton R. Fowler, Jr., is the father of the three children and is the former husband of Martha Fowler. The parents were divorced in 1954.

In 1953 W. C. Berry, their maternal grandfather, made a gift to the children of stocks evidenced as follows: a ten-share certificate of stock in First National Bank in Dallas and a twelve-share certificate of stock in Pure Oil Company, said certificates being registered in the name of Walton B. Fowler, the eldest boy, aged twelve years; an eight-share certificate of stock in First National Bank and a six-share certificate of stock in Pure Oil Company, said certificates being registered in the name of Barbara Jean Fowler, a girl, aged five years; and a seven-share certificate of stock in First National Bank in Dallas and a two-share certificate of stock in Pure Oil Company, said certificates being registered in the name of Brian P. Fowler, a boy, aged three years.

The above certificates were in the physical possession of Walton R. Fowler, Jr., father of the children, who retained possession of them following the divorce in 1954. Sometime later the Pure Oil stock was split and additional dividend certificates were issued for twenty shares of stock, making a total of forty shares of stock in Pure Oil Company.

In 1955 Walton R. Fowler, Jr., being in need of money, took the certificates to the office of Rupe Investment Corporation in order to have the stock transferred and new certificates issued in the name of his father, Walton R. Fowler, Sr. He was told the transfer could not be made until the certificates were signed by the owners. Later the same day he returned with the stock certificates bearing the purported signatures of the children. Thereafter new certificates were issued in the name of Walton R. Fowler, Sr. Then Walton R. Fowler, Jr., hypothecated said certificates with Republic National Bank of Dallas as security for a loan. Walton R. Fowler, Sr., did not sign the certificates.

The deposition of Walton R. Fowler, Jr., contains these questions and answers:

"Q. Were those stocks listed in your children's names? A. Yes, sir. * * *

"Q. Now, then, did you take the stock certificates before someone in Dallas Rupe's office and request that they obtain a transfer of title to these stock certificates? A. Yes, sir. * * *

"Q. Were they endorsed on the back at all? A. Yes, sir, I believe they are.

"Q. Do you know who endorsed them? A. Yes, sir.

"Q. Will you tell us who it was? A. Well, I would rather not, because it might incriminate me.

"Q. Incriminate yourself? A. It might, sir.

"Q. On the basis of that, you will not answer that question? A. Yes, sir."

Appellee addressed to Walton R. Fowler, Jr., certain requests for admissions under Rule 169, Texas Rules of Civil Procedure, which Fowler did not answer. Such failure to answer constituted admissions of the truth of the matters set out in the requests. As these admissions are pertinent to this inquiry, we here quote them: "(8) That on or about March 4, 1955, you, or other person at your request, signed, or caused to be signed, the name of Walton B. Fowler on the back of the original Pure Oil Company stock certificate registered in his name, evidencing 12 shares of the capital stock of Pure Oil Company; and the name of Brian P. Fowler on the back of the original Pure Oil stock certificate registered in his name, evidencing 2 shares of the capital stock of Pure Oil Company; and the name of Barbara J. Fowler on the back of the original stock certificate of the Pure Oil Company, registered in her name, evidencing 6 shares of the capital stock of Pure Oil Company. (9) That you caused said 3 original Pure Oil Company stock certificates to be canceled on the books of the Pure Oil Company. (10) That you caused to be issued a certificate of the capital stock of the Pure Oil Company in the amount of 20 shares, being Certificate No. CH/BO 30309, in the name of Walton R. Fowler, Sr. * * * (14) That between May 4, 1955 and August 11, 1955 you received, or took into your possession a stock certificate issued by the Pure Oil Company, registered in the name of Walton R. Fowler, Sr., evidencing 20 shares of the capital stock of the Pure Oil Company, representing a 1-share stock dividend from the Pure Oil Company for each 1 share then registered on the books of said Pure Oil Company. (15) That between August 11, 1955 and August 18, 1955, you sold and transferred, or caused to be sold and transferred said stock dividend from Pure Oil Company in the amount of 20 shares of its capital stock, and received the sum of approximately $800.00 from the proceeds of said sale."

We agree with appellee that the evidence establishes that the signatures on the certificates are forgeries. Appellant in its brief concedes that the signatures are not genuine.

### Opinion

Appellant briefs four points on appeal in which it alleges that the court erred (1) in overruling appellant's special exception attacking the sufficiency of appellee's allegation of conspiracy; (2) in sustaining appellee's motion and (3) in entering summary judgment; and (4) in severing appellee's cause of action against appellant and First National Bank in Dallas from the remainder of the case.

■ We think appellant's first point is without merit for the following reasons:

(1) Appellant's first amended answer, the pleading on which appellant went to trial, contains no exceptions, nor did it adopt by reference the exception contained in appellant's original pleading. It merely says, " * * * without waiving any of its objections heretofore filed in this cause, but still insisting thereon," appellant files its amended answer. Such pleading is not sufficient to preserve the exception contained in the abandoned pleading. Rules 58 and 65, T.C.P.

■ (2) A search of the record before us fails to show that the special exception was ever presented, ruled on by the trial court, and an exception taken to the adverse ruling. Therefore we cannot consider the point on appeal. George v. Senter, Tex.Civ.App., 194 S.W.2d 290.

■ (3) The judgment rendered, as shown by appellee's motion for summary judgment and the written judgment itself, was not based on the theory of conspiracy. Appellee in her brief states that though her pleading included a charge of conspiracy, as the facts were developed it was shown in the light of the record that her case "is not founded upon a civil conspiracy," and

that she "cannot question the integrity of those connected with this suit who are associated with appellant's company." Since the judgment was not rendered on the grounds of conspiracy, any insufficiency in appellee's allegations of conspiracy (we do not say they were insufficient) must be considered harmless.

Appellant's first point on appeal is overruled.

The second and third points on appeal assert that it was error to render summary judgment for appellee, because her pleadings allege only a cause of action based on conspiracy, which she failed to prove. The nature of these points requires us to give careful consideration to appellee's pleadings. We quote excerpts from appellee's petition:

"In 1954 and 1955, at a time unknown to plaintiffs herein, defendants, Walton R. Fowler, Jr., Walton R. Fowler, Sr., Republic National Bank of Dallas, First National Bank in Dallas, and Pure Oil Company, and their officers, agents, servants, and employees, conspired and acted together and in a manner unknown to plaintiffs herein, removed the names of said 3 minor children from the face of such stock certificates, and issued, or caused to be issued, without transfer of any consideration, and without any authority from the equitable owners of such stock, or their legal guardians, new stock certificates in the name of Walton R. Fowler, Sr. Defendant Walton R. Fowler, Sr., then took such stock certificates to the defendant Republic National Bank of Dallas, and borrowed a sum of money in excess of $1,400.00, executing promissory notes, stock collateral agreements, stock powers, and other legal instruments unknown to plaintiffs herein, and said defendants Walton R. Fowler, Jr., and Walton R. Fowler, Sr., then took said sum of money in the approximate amount of $1,400.00 and used same to their own use and benefit, and did not use said sum of money, or any part thereof, for the use and benefit of the previously mentioned 3 minor children, to

plaintiffs' damages in the amount of $1,400.-00.

"Further, Defendant Walton R. Fowler, Jr., and defendant Walton R. Fowler, Sr., have threatened to sell, hypothecate, destroy, hide, or remove such stock certificates from their present location in the Republic National Bank of Dallas, and threaten to convert such sales proceeds to their own use and benefit, and plaintiffs have no means to stop defendants from what they are about to do; if defendants do with such property what they threaten to do, plaintiffs will be entirely deprived of their rightful ownership in and to such property, and defendants are not now, and will not be at the termination of this suit, the owners of such stock certificates; * * *.

" * * * Plaintiffs sue herein to recover such certificates of stock, and sue to cancel and hold for naught any liens, mortgages, pledges, or other debts or debentures which said certificates are held to secure in the alternative, if such stock certificates are not restored to plaintiffs, plaintiffs sue defendants, for damages, jointly and severally, in the amount of $2,500, the reasonable market value of such stock certificates; * * * Plaintiffs allege that defendants, First National Bank in Dallas and Pure Oil Company, were guilty of fraud in that they removed the names of said 3 children from the face of such stock certificates, reregistering such certificates in the name of Walton R. Fowler, Sr., causing such divestiture of such minors' interest without proper guardianship proceedings, or other lawful authority, and thereby deprived plaintiffs of their lawful interests in such property.

"Wherefore, plaintiffs pray * * * that upon final hearing hereof plaintiffs have judgment for title and possession of such stock certificates; that all liens, pledges, or encumbrances against such certificates be canceled and held for naught; that alternatively, if the Court not return plaintiffs such certificates that plaintiffs have judgment against defendants, jointly

and severally, in the amount of $2,500.00 * * * and for such other and further relief, both general and special, in law and equity, to which plaintiffs may show themselves justly entitled."

We are unable to agree with appellant that appellee's pleadings allege only a cause of action based on conspiracy. We think the pleadings go beyond mere allegations of conspiracy. They allege also that the defendants (1) acted together, and (2) in a manner unknown to appellee to divest the children of their stock; and (3) that appellant and First National Bank in Dallas were guilty of fraud in that they removed the children's names from the stock and deprived them of their interest therein without lawful authority, or proper guardianship proceedings.

As we have already said, the record before us establishes that the signatures on the back of the certificates were forgeries. The evidence is uncontradicted that Rupe Investment Corporation, relying on the false representations of Walton R. Fowler, Jr., guaranteed the signatures to be genuine. Appellant in turn relied on the guarantee of Rupe Investment Corporation. Appellee frankly states that in the light of the facts she cannot attack the integrity of appellant, or persons associated with appellant. Doubtless, as appellee concedes, appellant was innocent of any knowledge of the forgeries, as was also First National Bank in Dallas. Nevertheless appellant must abide the consequences of having transferred the stocks on its books on the faith of forged endorsements. Under such circumstances the transfer did not make Walton R. Fowler, Sr., the owner of the stocks and did not divest the children of their ownership. 10 Tex.Jur. 844. It was the duty of the proper officers of the corporation to satisfy themselves that the transferors' signatures were genuine. 10 Tex.Jur. 815. In our opinion the record shows no conflict between the allegata and the probata. Appellee's pleadings are sufficiently comprehensive to support the re-

covery allowed. Rule 45, T.C.P.; McDonald, Texas Civil Practice, Vol. 2, sec. 5.05. Appellant's second and third points are overruled.

Appellant's fourth point complains because the trial court severed appellee's cause of action against appellant and First National Bank in Dallas from the remainder of the case. We see no harm resulting to appellant from the severance. The various cross-actions and third-party actions may involve extended litigation which might well delay, though it would not defeat appellee's right to recover. Under Rules 41, 97(h) and 174, T.C.P., trial courts are vested with large discretion in the matter of severance and separate trials of causes of action. McGee v. McGee, Tex. Civ.App., 237 S.W.2d 778. The severance here certainly was not an abuse of discretion. Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.