**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Wilson J. MAHLOW, Appellee.**

No. 10504.

Court of Civil Appeals of Texas.

Austin.

June 26, 1957.

**162**

Camp & Camp, of Cameron, Burford, Ryburn, Hincks & Ford, Joseph M. Stuhl, all of Dallas, for appellant.

Nelson & Jones, of Rockdale, for appellee.

ARCHER, Chief Justice.

This is a workmen's compensation case. On October 16, 1955, plaintiff Wilson J. Mahlow sustained a burn to his right foot. He sued for benefits of 40% incapacity to his body generally. Defendant, Texas Employers' Insurance Association, contended that the injury was confined to the foot. The jury found 5% permanent incapacity to the body generally, beginning January 9, 1956. No issue was submitted on total incapacity. The trial court rendered judgment, awarding plaintiff benefits for 12 weeks total incapacity at $25 per week and for 300 weeks of permanent partial incapacity at $3.41 per week.

The appeal is before this Court on two assignments of error, and are:

"First Point: Since the undisputed evidence shows that plaintiff's injury was confined to his right foot and did not extend to and affect other portions of his body, the trial court erred in rendering judgment for 300 weeks of compensation benefits on the jury finding of 5% permanent incapacity to the body generally.

"Second Point: The trial court erred in rendering judgment in plaintiff's favor for compensation for 12 weeks total incapacity when such recovery had no basis in the pleadings or in the verdict and the evidence conclusively showed that such compensation had been fully paid."

The appellant seeks to reform the judgment by eliminating the recovery for total incapacity and by reducing the benefits for permanent partial incapacity from 300 weeks to 125 weeks provided by the statute for an injury to the foot.

■ With reference to appellant's Second Point as to a recovery for 12 weeks total incapacity, it is shown from the evidence that all such weekly payments have been paid, and appellee was not entitled to a judgment for a recovery.

■ We believe that the evidence shows that appellee's injury was confined to his right foot and did not extend to and affect other portions of his body, and that the court erred in rendering judgment for 300 weeks of compensation benefits on the jury finding of 5% permanent incapacity to the body generally, but that such injury was confined to the foot and ankle, and as such the recovery was limited to 125 weeks. Art. 8306, Sec. 12, V.A.C.S.

Appellee testified that he was injured on October 16, 1955 by a piece of molten aluminum falling inside his shoe on his right foot. The burn was about ½ inch below the ankle bone, about ½ inch above the bottom of the foot and about ½ inch forward from the base of the heel.

First aid treatment was given, and no more work was done that day. Appellee returned to the plant for treatment for the next three days but did no work.

A few days later appellee went to and received treatment from Dr. S. W. Lehmberg, a physician in Taylor, Texas, who had treated appellee's wife on previous occasions.

A skin graft was performed and appellee was kept in the hospital in Taylor for about two weeks and was treated, and went home and remained there for about nine days, but went back and forth to the hospital every other day, and learned to walk on crutches.

As we have observed, appellee was paid compensation for a 12-week period, together with the medical and hospital expenses.

On January 6, 1956, Dr. Lehmberg gave a statement that appellee was then physically able to return to work. Appellee did return to work and worked continuously at his old job until the time of the trial, missing only two days of actual working time.

Appellee testified that the injury had not in any way interfered with his work at the plant. He further testified that no part of his body other than his right foot and leg bothered him, and had no further aches or pains but had some loss of sleep.

Dr. H. S. Woods, called by appellee, who did not treat appellee but had examined him at the request of his counsel testified in part:

"Q. Now, doctor, when you refer to the forty per cent disability to his foot, the forty per cent disability, you have reference to the foot only, do you not? A. Foot and ankle and the area involved here that I described.

"Q. Where you pointed out to the Jury? A. Yes, sir.

"Q. That is generally described as the foot and ankle, is it not? A. Foot and ankle."

Dr. Lehmberg testified as to his examination and treatment of appellee's foot, and that:

"Q. With reference to the remainder of his foot? A. I feel the remainder of his foot is perfectly all right.

"Q. Based upon your examinations and your treatment of Mr. Mahlow, *you* examination and treatment in October of 1955 through and including today, in your opinion does Mr. Wilson J. Mahlow have any permanent disability to his foot that would impair his earning capacity? A. I think Mr. Mahlow can continue—well, can continue any work he wants to do. He has got permanent injury, yes, but as far as keeping him from doing any work he wants to do, I don't think it will."

Dr. C. G. Swift, appointed by the court, testified that he made an examination of

appellee, limited to the right foot, and found a healed scar of a burn on the outer aspect of the right foot just below the ankle, about 2 inches long and 1½ inches in width. A graft had been had which had taken well and was healed. In answer to further questions Dr. Swift testified:

"Q. Doctor, from your examination do you have an opinion as to whether or not as a result of that burn there is any impairment of the functional use of the foot? A. I do not believe there is any impairment of function.

"Q. In your opinion from your examination and as a medical man, is there any evidence, or, in your opinion, any disability that would prevent him from procuring and retaining ordinary employment? A. No.

"Q. Did you find any evidences of cellulitus? I believe that is the correct word. A. I didn't find evidence of any cellulitus.

\*   \*   \*   \*   \*   \*

"Q. And do you have an opinion as to disability with reference to performing the usual task of a workman in his ordinary employment? A. I don't believe he has any disability from performing the usual duties of a workman.

"Q. Doctor, medically, as I so rudely put it, do you find that he has some disability? A. Yes, I think he does have some disability.

"Q. What disability to the foot? A. I would estimate it at ten, twelve, or fifteen per cent, perhaps.

"Q. Would that, in your opinion, in any way interfere with performing his usual tasks? A. I don't think so."

We do not believe that there is sufficient evidence to support the jury finding to special issue No. 7, which inquired if appellee's injuries were confined to his right foot, ankle and leg below the knee thereof,

to which the jury answered that it was not so confined, and it was on this finding that the court rendered judgment for 300 weeks.

The evidence, a portion of which we have recited, is all to the effect that the injury was confined to appellee's right foot, and there is no evidence that the injury extended to and affected other portions of his body.

■ Appellee makes the contention that since appellant did not make a motion for a new trial, and did not therefore raise the question of sufficiency of the evidence in the trial court, its claim comes too late in this appeal.

Appellant filed its motion to disregard the jury finding, as made in answer to special issue No. 7.

We do not believe that only by a motion for a new trial that appellant could assert that the jury's finding of a general injury, as inquired about in special issue No. 7 and as found by the jury, was contrary to the undisputed evidence, and that a motion for a new trial was unnecessary because the point was raised by a motion to disregard the jury finding.

Rule 324, Texas Rules of Civil Procedure reads, in part:

"\* \* \* provided that it shall not be so prerequisite where a peremptory instruction is given, a case is withdrawn from the jury and judgment is rendered by the court without a jury, a judgment is rendered, or denied, non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, \* \* \*."

Daniel v. Fry, Tex.Civ.App., 195 S.W.2d 155, er. ref., N.R.E.; Traders & General Ins. Co. v. Scott, Tex.Civ.App., 189 S.W.2d 633, er. ref., N.R.E.

The jury found that there was a 5% total incapacity to the body generally in its answer to special issue No. 5.

There is no evidence to support the jury's finding of a general injury.

According to the evidence given by the doctors who testified to the right foot, ankle and leg below the knee, and the percentage of injury ranging from 10% to 40%, there is, therefore, some uncertainty as to the extent of the percentage of injury.

 Since the action was submitted on an erroneous theory the judgment should be reversed and the cause remanded for a new trial in order that the case may be submitted on the proper theory, and on facts pleaded and supported by the evidence.

Rule 434, T.R.C.P.; Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792.

The judgment of the Trial Court is reversed and the cause remanded to the Trial Court.

Reversed and remanded.