**E. G. WHITE, Jr., Appellant,**

v.

**W. D. WATSON, Jr., Appellee.**

**No. 7406.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 19, 1964.

Thomas J. Griffith, Jr., Lubbock, for appellant.

Hugh Harrell, Lubbock, for appellee.

NORTHCUTT, Justice.

W. D. Watson, Jr., the appellee herein, filed a mechanic's and laborer's statutory lien under Article 5452, Texas Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5452,

upon the land of E. G. White, Jr., appellant herein, for labor and materials. Appellant filed suit to remove the lien to which appellee took issue and filed his cross action for alleged contract for personal services upon an oral contract of employment. In the alternative appellee sued appellant for a reasonable sum of money for the work, labor, services, and materials furnished appellant.

The trial court sustained appellant's plea as to the lien upon the land in question to which appellee duly excepted and the trial proceeded upon an oral contract of employment between the parties and in the alternative for a reasonable sum of money for the work, labor, services, and materials furnished appellant or quantum meruit and inequity. Appellee's suit was for $1,280.70 plus interest and reasonable attorney's fees in the sum of $600.00 and court costs.

The jury found that appellant employed the appellee to prepare preliminary drawings, plans, and specifications for an apartment house project and for assistance in securing zoning changes for the land in question; that appellee completely performed; that $1,000.00 would reasonably pay appellee for the work which he did for appellant and that a reasonable attorney's fee was $500.00.

The case was submitted to the jury upon six special issues. In answer to the first issue the jury found that Watson was employed by White to prepare preliminary drawings, plans, and specifications for the construction in question and for assistance in securing the zoning changes of the land in question. In answer to issue two the jury found that appellee completed the preliminary drawings, plans, and specifications in question. In answer to issue three the jury found appellant did not agree to pay appellee $1,000.00 for his work done on the preliminary drawings, plans, and specifications and assistance in the zoning change. Answer to special issue four is not in issue here. In answer to issue five the jury found that $1,000.00 would rea-

sonably pay appellee for the work which he did for appellant. In answer to issue six the jury found $500.00 was a reasonable attorney's fee for the work done by appellee's attorney. The trial court rendered judgment upon the verdict in favor of appellee for the sum of $1,000.00 plus six per cent interest from February 10, 1962, until fully paid plus $500.00 as reasonable attorney's fee plus six per cent per annum until paid. From that judgment appellant perfected this appeal.

This appeal is presented upon three points of error. The first point contends the court erred in submitting special issue five inquiring of the reasonable value of services rendered and in awarding judgment thereon when there was no evidence before the jury as to the reasonable value of such services. Point of error two was that the evidence was insufficient to warrant submission of such issue and insufficient to support such a judgment. The jury found against appellee's contention that appellant agreed to pay appellee $1,000.00 for the work done.

■ Since there was no contract or agreement as to the amount to be paid to the appellee by appellant, the appellee would only be entitled to recover a reasonable compensation for his services performed. Cochran v. Taylor, Tex.Civ.App., 209 S. W. 253.

We have checked the evidence in this case very carefully and are unable to find any testimony as to the reasonable value of the services performed by appellee. It is stated in the case of Parks v. Kelley, Tex. Civ.App., 126 S.W.2d 534, as follows:

"It is elementary that in order to recover upon a quantum meruit for personal services expended in behalf of another, the reasonable value of the services performed must be alleged and proved."

■■ Since there is no evidence in this case as to the reasonable value of the serv-

ices expended by appellee, the appellant's first two points of error will be sustained. However, since the case has not been fully developed and for lack of evidence supporting the judgment, the judgment will be reversed and remanded for a new trial. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458. By appellant's third point of error it is contended the trial court erred in overruling appellant's motion for directed verdict and motion for judgment notwithstanding the verdict upon proof and admission that appellee had demanded and received of appellant his entire work product and that same was valueless to appellant. It is true the appellee demanded of appellant the return of the preliminary drawings and they were returned to appellee, but there were other charges involved other than the preliminary drawings. It was the contention of appellant that the return to appellee of the preliminary drawings was an accord and satisfaction. It is stated in the case of Texas & P. Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591, as follows:

"The doctrine of accord and satisfaction is well established in the law. All parties capable of making contracts may enter into an accord and satisfaction of a claim, disputed or undisputed. The rule is now universally accepted that all claims arising out of contracts, express or implied, irrespective of their subject matter, may be the subject of an accord and satisfaction, provided such contracts are not illegal. 1 Tex. Jur. p. 248, § 4; 1 Amer.Jur. p. 217; 1 R.C.L. 179; 1 C.J. p. 524, § 3. This rule is particularly applicable to claims arising from the commission of a tort; which claims are generally of an unliquidated nature, and are almost invariably disputed, not only as to amount, but also as to liability; and it is now universally accepted that such claims form an ideal subject matter for settlement by an accord and satisfaction. 1 Tex.Jur. p. 248, § 4; 1 Amer.Jur. p. 217, § 5; 1 C.J.S. Accord and Satisfaction, p. 481, § 8b On Tort.

"In 1 C.J.S. p. 462, § 1, a definition of 'accord and satisfaction' is given as follows: 'An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to; and a satisfaction is the execution, or performance, of such an agreement.'"

 We are unable to see under this record any agreement that the return of the preliminary drawings constituted a satisfaction of the claim of appellee. Point three is overruled.

Judgment of the trial court is reversed and remanded for a new trial.