**Alvin B. WALKER, Appellant,**

v.

**Cloyd J. CHAMBERS, Appellee.**

No. 16765.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 21, 1966.

---

I. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795.

**950**

W. B. Pope, Dallas, for appellant.

John H. Chambers, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

In Alton R. Fairchild, Inc. v. M–P Cotton Felt Company, 403 S.W.2d 527 (Fort Worth Civ.App., 1966, no writ hist.), we said:

"A suit properly brought under provisions of Texas Rules of Civil Procedure, rule 185, 'Suits on Sworn Account', has almost become qualified as one which is *sui generis* in instances where the defendant in such a suit fails to file a sworn denial within the provisions of said Rule and of T.R.C.P. 93, 'Certain Pleas to be Verified'.

"In said cases, and as applied to the right of the plaintiff to judgment upon the account when he and the defendant have announced ready for trial (assuming no counter-claim, etc., plead by the defendant and upon which he would have the burden of proof) it has been aptly stated that the defendant's only weapon 'is a short stick —too short'.

"Such is the situation presented on the instant appeal. The plaintiff's case was made out on a suit fully qaulified as a suit on sworn account, under the provisions of T.R.C.P. 185, when the case was brought to trial and the defendant was 'caught' with an unsworn general denial as its only defensive pleading."

The same thing would apply when like conditions exist upon initiating proceedings constituting the "hearing" of such a plaintiff's motion for summary judgment under provisions of T.R.C.P. 166–A, "Summary Judgment". In other words, if the defendant is "caught" at such time with an unsworn general denial as his only defensive pleading, judgment for the plaintiff is proper. The same would be true though the defendant had filed a sworn denial if it did not state that plaintiff's claim *is not just or true, in whole or in part,* Kost Furniture Co. v. Radio Equipment Co., 100 S.W.2d 162 (Amarillo Civ.App., 1936, writ dism.).

This is the situation in the instant appeal, and we are obliged to affirm the judgment of the lower court.

Affirmed.