**WEST TEXAS EQUIPMENT COMPANY, Appellant,**

v.

**W. G. WALKER, Appellee.**

**No. 7720.**

Court of Civil Appeals of Texas.

Amarillo.

June 5, 1967.

Rehearing Denied July 17, 1967.

Neal, Hazlewood & Wolfram, Amarillo, A. Curtis Neal, Amarillo, of counsel, for appellant.

Stovall & Stovall, Plainview, R. F. Stovall, Plainview, of counsel, for appellee.

CHAPMAN, Justice.

Appellant, West Texas Equipment Company, sued appellee, W. G. Walker, upon a verified sworn account for parts and services on three invoices totaling $835.31, and for attorney's fees and costs. Before the case went to trial before a jury on its merits, a pre-trial hearing was conducted on Monday, August 8, 1966. Appellee to that date having not filed his Vernon's Ann. Tex.Rules, Rule 185 denial to the duly verified sworn account petition appellant had previously filed, the latter forwarded its motion for summary judgment on July 28, 1966, to the Floyd County clerk's office, and urged such motion at the pre-trial conference on August 8. The motion was overruled and appellant's "Point One" asserts reversible error of the trial court in so doing. The point is not well taken.

■ "The denial of a motion for summary judgment is not an adjudication of the merits against the movant and, no doubt for this reason, is held in the Federal courts to be interlocutory and thus unappealable. * * * We see no good reason to take a different view for our own practice, which derives from the Federal Rules." Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955).

■ A different rule prevails where both parties file motions for summary judgment and one such motion is granted. Under this situation the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958).

However, " * * * the rule of practice adopted by Tobin v. Garcia is an exception to the general rule that an order overruling a motion for summary judgment is not subject to review upon appeal." Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex.1966).

When the instant case came on for trial before a jury appellee had on file, among other pleadings, Defendant's First Amended Original Answer. The pleading alleged that appellee had previously purchased from appellant a Caterpillar motor for the pumping of irrigation water. The date of the purchase was not alleged but the record shows it was in 1948. The pleading alleged that in the purchase, as part of the agreement and warranty, all repairs on the motor were to be made by appellant. No allegation is alleged in such pleading that they were to be made without charge. The pleading alleged that thereafter, not naming the date,[1] the motor began to give trouble and appellee took it to appellant company for repair; that appellant worked on it and represented it had been repaired " * * * and that they would stand behind and guarantee the work which they had done on the motor, and in reliance and consideration of the representation made to the Defendant by the Plaintiff, the Defendant issued his check to West Texas Equipment Company, under date of October 13, 1964 * * * in the amount of $2,309.74, representing repairs made to said motor. * * * " The pleading then alleged in effect "that shortly thereafter" the motor began to give trouble because it had not been properly repaired, that the company then made proper repairs and, except for two small items, appellee did not owe for the second repair job because it represented repairs, which had been paid for by the $2,309.74 check.

Appellee later filed on the day of trial, with leave of the court, Defendant's Second

1. The date shows by the record to have been in the spring of 1964 and that a major overhaul was made on the motor in April or May, 1964, caused by sand being sucked into the motor from a defectively installed gas line with which appellant had no connection.

Amended Original Answer, which did not include any pleading of guarantee or warranty, but which constituted his Rule 185 sworn denial that "Exhibit A" (the itemized verified sworn account sued upon) " * * * is not just or true in whole or in part, and that Defendant denies he is indebted to the Plaintiff in any amount." Though the parties had agreed at the pre-trial hearing upon inquiry from the court that no further pleadings would be filed, appellant has brought forward no point asserting abuse of discretion in permitting the filing. So, that point is not in the case. This pleading had the effect of then requiring appellant to prove its case as at common law. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325 (1941); Opryshek v. McKesson & Robbin, Inc., 367 S.W.2d 357 (Tex.Civ.App.-Dallas, 1963, no writ). This, the appellant did by the witness, Strawn, manager of the Lubbock branch of appellant company, and the company's field mechanic, J. C. Laymance. The latter testified the major overhaul in the spring had nothing to do with the account sued upon, a considerable part of which was for replacement of cracked cylinder heads. The record shows such condition happened some six months following the major overhaul and after the 1948 motor had operated for 24 hours a day for 60 days. Mr. Strawn testified that the charges for the items sued for, representing parts and services performed in the fall, were reasonable and customary for such parts and labor; that the account sued upon was unpaid and the amount was past due.

The burden then shifted to appellee to overcome that proof by some sort of affirmative defense showing avoidance. Burrus Mills, Inc. v. Hein, 399 S.W.2d 950 (Tex.Civ.App.-Houston, 1966, writ ref'd, n. r. e.). In the case just cited the Houston Court of Civil Appeals held: " * * * we are of the opinion that when appellant proved that the account was due and owing at the time of delivery of the goods or thirty days thereafter and there was nothing to indicate that it ceased to be due and owing down to the time of trial, the burden shifted to appellee to plead and prove his affirmative defenses. If the account was not due and owing at the time of the trial it was because payments had been made thereon. The burden was on appellee to plead and prove that such payments had been made in view of Rule 95, T.R.C.P."

The only affirmative defense alleged here in any pleading is that by the payment in October for the spring overhaul in May [2] appellant had paid for the fall services because of appellant's guarantee that it " * * would stand behind and guarantee the work which they had done on the motor." This affirmative defensive pleading is included in the reply to the motion for summary judgment and Defendant's First Amended Original Answer, neither of which constituted pleadings upon which the case was tried upon its merits. Additionally, the guarantee was alleged to have been made after the overhaul on the motor had been completed and before issuance of the October check which had been due in May. It was not alleged to be part of the consideration for the spring overhaul but as part of the consideration for the issuance of the check constituting payment for parts and services past due for five months.

Rules 62 through 65 V.A.T.R. provide in effect that pleadings may be amended by either party under certain conditions. Hunt v. Employers Reinsurance Corporation, 219 S.W.2d 483 (Tex.Civ.App.-Fort Worth, 1949, writ ref'd, n. r. e.). Rule 65 provides, inter alia, that unless the substituted instrument be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause. "As such the amended pleading supplants and takes the place of the preceding pleading which is sought to be amended." Hunt v. Employers Reinsurance Corporation, supra. See also Kelso v. Wheeler, 310 S.W.2d 148 (Tex.Civ.App.-Houston, 1958, no writ).

2. The spring overhaul was due on May 10 but not paid until October.

The last cited case said:

"It has been held that an amended answer or amended petition is not in supplement of the pleading it amends and is not to be taken into consideration along with it. The amendment completely supplants the pleading it amends. See Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208, writ refused, n. r. e.; Ward v. Wingate, Tex.Civ.App.1955, 280 S.W.2d 938; Hawkins v. Collier, Tex.Civ.App. 1951, 235 S.W.2d 528; Hunt v. Employers Reinsurance Corporation, Tex.Civ. App., 219 S.W.2d 483, error refused, n. r. e."

Appellee having gone to trial upon his Second Amended Original Answer, there was not any pleading before the Court upon the trial upon the merits which raised an affirmative defense. Additionally, until he filed his Second Amended Original Answer he had no defensive pleading to the verified itemized sworn account sued upon, as required by Rule 185. When the trial court overruled the motion for summary judgment, the motion and answer thereto went out of the case so far as the merits were concerned. When appellee filed his Second Amended Original Answer it superseded his First Amended Original Answer. Hunt v. Employers Reinsurance Corporation, supra; Kelso v. Wheeler, supra; Pure Oil Company v. Fowler, 302 S.W.2d 461 (Tex.Civ.App.-Dallas, 1957, writ ref'd, n. r. e.); Hawkins v. Collier, 235 S.W.2d 528 (Tex.Civ.App.-Galveston, 1950, no writ).

Before the case proceeded to trial on its merits before a jury, appellant specifically called to the Court's attention the fact that the Second Amended Original Answer had superseded any pleading as to an affirmative defense, and moved the Court that any testimony concerning any portion of the transaction except as to whether the items sued for were received, the reasonable value thereof and whether paid or not; i. e., testimony concerning the spring overhaul which had been due in May and paid in October not be permitted in the presence of the jury, stating: "To avoid undue interruption by continuous objection on the part of the Plaintiff when Defendant makes such attempts to offer any such evidence into the record, the Plaintiff now, therefore, moves the Court to instruct the Defendant to exclude and not in any way attempt to introduce any such evidence or information thereon." To such motion made in limine the Court replied that he wanted to hear the evidence, which was admitted in the presence of the jury.

Rule 94 sets out a number of pleadings that one shall set forth affirmatively in answering a preceding pleading. Among those is "payment" and "any other matter constituting an avoidance or affirmative defense."

Rule 95 requires that a defendant desiring to prove payment shall file with his plea an account stating distinctly the nature of the payment, and that if he fails to do so he shall not be allowed to prove the same unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof.

Rule 97, Section (a) provides, inter alia, that a pleading shall state as a counterclaim any claim within the jurisdiction of the court, which, at the time of filing, the pleader has against any opposing party, if it arises out of the transaction or occurrence constituting the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties.

The pleading upon which appellee went to trial contained none of the requirements of the three rules just described, nor any other affirmative defense. The pleading simply placed the burden upon appellant of proving its sworn account, which it did by the evidence heretofore related. The burden then shifted to appellee to prove an affirmative defense. Since any pleadings even attempting to allege one had gone out of the case by the court's ruling on the

motion for summary judgment and by the filing of the Second Amended Original Answer, we hold appellant's "Point Two" is well taken. The point asserts reversible error in the failure of the trial court to exclude the tender of any testimony pertaining to anything other than whether the October 1964 parts and services sued for were received by Mr. Walker and the reasonable value thereof.

Our Supreme Court in Bridges v. City of Richardson, 163 Tex. 292, 354 S.W.2d 366 (1962) has held that "* * * a motion in limine is not a necessary predicate for complaint on appeal that the admission of the evidence was error and that the error was prejudicial," but that: "A proper objection made at the time evidence is offered is sufficient to preserve right of review of error committed in admitting it, * * *" The Court in the case just cited also held:

"The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which a motion in limine is intended to reach."

■ We believe the admission into evidence of the transactions concerning the spring overhaul was reasonably calculated to cause and probably did cause an improper judgment, which was made more prejudicial because of the manner of submission of the case to the jury.

■ The Court having advised appellant it wanted to hear the evidence with respect to the spring overhaul, we hold it was not necessary under the record here for it to object in the presence of the jury

to the tender of such evidence, thus being forced to take the chance of being prejudiced in the minds of the jury for attempting to suppress evidence. Additionally, even conceding, arguendo, that there were pleadings upon which evidence might be offered to prove an affirmative defense, the record is completely void of any evidence supporting a guarantee or warranty that the fall services sued for were guaranteed by the payment in October of the spring overhaul due May 10. Appellee's counsel tried valiantly to prove it by appellee but was forced by the Court's ruling upon appellant's objections to leading questions to desist. This is the nearest he came to the proof:

"Q. Mr. Walker, I am not trying to lead you and if you don't remember of course, you don't. But I am asking you specifically, do you recall any conversation with Mr. Strawn?

"A. I have known Mr. Strawn ever since I have been buying Caterpillar tractors. I knew him back when he was parts man and his progress all the way through. And I am sure when I paid that check A. J. and I discussed it, discussed the condition of the motor and everything because we were that close friends; and I am sure there was no misunderstanding between us what we were talking about, but saying specifically what I said at that time I cannot elaborate on it."

Obviously, such testimony simply does not prove a guarantee. The record does not anywhere show what appellee had reference to in his statement: "* * * when I paid that check A. J. and I discussed it," because there is not any evidence that they discussed a guarantee that the company would repair the motor in the future without cost because they had overhauled it in the past. The record leaves us without information as to what the word "it" had reference to in the quoted statement.

The only question asked the jury was the reasonable value, if any, of the parts and services furnished appellee on October 28, 1964, with instructions to answer the amount, if any, *or none*. (Emphasis added.) It would appear then that the Court found as a matter of law that there had been a guarantee on the first overhaul that took care of the fall service, yet there was no pleading in the Second Amended Original Answer upon which appellee went to trial to support a guarantee. Even if there had been there was not any evidence to support such pleading.

Quoting again from the Burrus Mills, Inc. case cited above, the court said:

"The burden was on the appellee to plead and prove that such payments had been made in view of Rule 95, T.R.C.P. Moreover, there is a rule of evidence that where a state of things is proved to have existed at a particular time, its continuance is presumed until the contrary is shown. McCormick & Ray, Texas Law of Evidence, Vol. 1, p. 81, Burden of Proof and Presumption, Sec. 81."

■ Appellant made no motion for instructed verdict for failure to either plead or prove an affirmative defense, nor has it raised a "no evidence" point. It did object to the instruction in connection with the issue given, which permitted the jury to answer "none" as the value for the services. There being neither pleading nor proof to support such instruction we hold it was reversible error, as being a comment upon the weight of the evidence in view of the testimony admitted concerning the spring overhaul paid for in October.

■ To permit a take nothing judgment under the record of this case, would, in our opinion, constitute a complete miscarriage of justice. If part of the consideration for the spring repair was that appellant would furnish the parts and perform the services subsequently needed without charge, appellee's counsel gave him the opportunity to say so in questions propounded to him on the witness stand. He never did do so. If he did not understand the questions, the case was not fully developed. We believe the record shows it was also tried on the wrong theory. "Our courts have held that where a case has been tried on the wrong theory, or has not been fully developed, it is not only proper but better serves the interests of justice to remand the case for a new trial. Southampton Civic Club v. Couch, Tex.Sup.1959, 159 Tex. 464, 322 S.W.2d 516; London Terrace v. McAlister, Tex.Sup.1944, 142 Tex. 608, 180 S.W.2d 619; Pelham Mfg. Co. v. Ridlehuber, Tex. Civ.App., 356 S.W.2d 502, writ ref., n. r. e.; White v. Watson, Tex.Civ.App., 383 S.W. 2d 243; Texas Emp. Ins. Ass'n v. Mahlow, Tex.Civ.App., 304 S.W.2d 161; General Ins. Corp. v. Smith, Tex.Civ.App., 232 S.W.2d 785, writ ref., n. r. e." Burrus Mills, Inc. v. Hein, supra.

Reversed and remanded.

## ON MOTION FOR REHEARING

Appellant, West Texas Equipment Company, in its motion for rehearing contends with vigorous argument that we committed reversible error in remanding this cause instead of rendering. Appellee filed no motion for rehearing within the 15-day period allowed under Rule 458, V.A.T.R. but after the time had elapsed for doing so filed what is designated as "Appellee's Reply Brief To Appellant's Motion For Rehearing And Cross-Assignments of Error".

■ If any party files an Application for Writ of Error to the Supreme Court within the specified time " * * * any other party who was entitled to file such an application within such time but failed to do so shall have ten days additional time within which to file it". Rule 468, V.A.T.R. as amended. However, we are not aware of any rule which permits affirmative relief by appellee in a Court of Civil Appeals where the trial court's judgment was reversed and such party did not file a motion for rehearing within the 15-day period allowed under Rule 458, V.A.T.R. There-

fore, we have no authority to consider cross-assignments of error urged by appellee which were filed after the designated period for filing a motion for rehearing.

We follow with considerable difficulty appellant's first contention in its motion for rehearing. It cites Walker v. Chambers, 407 S.W.2d 949 (Tex.Civ.App.) (Fort Worth 1966) as authority for asserted error of our court in holding that where only one party files a motion for summary judgment the denial thereof is interlocutory, and thus unappealable. In the cited case a motion was apparently granted for summary judgment. In our case it was denied. We fail to see the analogy in the cited case to ours. If we understand Ackerman v. Vordenbaum, (supra), the trial court's judgment in overruling appellant's motion for summary judgment was interlocutory and unappealable, regardless of the merits of such motion.

In its next complaint appellant asserts error of our court in overruling "a part" of its Point 4. That point gave us considerable concern in our original opinion, as it has in the motion for rehearing. The point is argumentative, admittedly multifarious, and difficult to analyze. If we understand the thesis of appellant's argument in this contention it is that included somewhere in its Point 4 is a "no evidence" question, i. e. there was not any evidence to support the jury's answer of "none" to the only issue submitted. If the point properly raises such contention then we concede we may have been in error in remanding rather than in rendering for there clearly is not any probative evidence to support an answer of "none" to the verified, sworn account sued upon. There was not any affirmative defense of avoidance in the pleadings upon which appellee went to trial and there was not any probative evidence to support an avoidance. However, as we analyze the point it raises a procedural matter that would not call for rendition, i. e. "Because the only 'value' evidence in the record was $824.84 sued for, the trial court. * * * 2. erred * * * in entering a 'take noth-

ing' judgment for defendant * * * *because the 'none' answer of the jury was based on inadmissible and unpleaded matters of avoidance".* (Emphasis added.)

The second point urges error in denying an in limine motion concerning contemplated introduction of certain evidence. The third point has to do with the improper admission of such evidence. The 5th point asserts error in the form of the judgment rendered upon the jury verdict. We have discussed the first and fourth points.

The judgment recites: "And it appearing to the Court from the stipulation of counsel, the undisputed facts and the verdict of the Jury that judgment should be rendered for the defendant".

Where the only "value" evidence was that offered by appellant and even appellee himself admitted to owing two items, we are unable to see how the quoted recitation in the judgment could be proper. There is no stipulation in the record we have been able to find that precludes recovery for appellant and the undisputed facts are contrary to the recitation that " * * * from the stipulation of counsel, (and) the undisputed facts * * * judgment should be rendered for defendant."

We have reversed and remanded because we believe a proper point has not been raised to justify rendition and not in order to give appellee "another bite at the apple". See Mr. Justice Calver's article titled "No Evidence" and "Insufficient Evidence", Points of Error page 361 at page 368 and 369, Vol. 38, Texas Law Review, the cited cases in the article of Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 150 A.L.R. 1369 (1943); Williams v. Safety Casualty Company, 129 Tex. 184, 102 S.W.2d 178 (1937); and Sovereign Camp, W. O. W. v. Patton, 117 Tex. 1, 295 S.W. 913 (1927). These authorities, together with Rule 434, V.A.T.R. indicates to us a proper disposition of the case is remand rather than rendition.

The motion for rehearing is overruled.