INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 59, AFL, Appellant,

v.

E. D. WHITLEY, d/b/a Whitley Electric Service Co., Appellee.

No. 3256.

Court of Civil Appeals of Texas.

Waco.

April 14, 1955.

Rehearing Denied May 5, 1955.

Mullinax & Wells, Dallas, for appellant.

Clifford S. Dillard, Dallas, for appellee.

HALE, Justice.

This action was brought by appellee for the recovery of refunds alleged to be due him under a contract between appellant and the National Electrical Contractors' Association, hereafter referred to as NECA. The case was tried before a jury, was submitted on special issues, and resulted in judgment for appellee in the sum of $5,154.57.

Appellee is an electrical contractor. On October 13, 1947, he entered into a written contract with E. V. McCreight, general contractor, to install the electrical work in a twenty-two story building, known as the M. & W. Tower Building in the City of Dallas, for the agreed sum of $109,480. At that time, appellee was a member of NECA, a voluntary association, which had entered into a collective bargaining contract on behalf of its members with appellant union on behalf of its members, concerning wages, hours and working conditions. The prevailing wage rate for union member employees was $2 per hour. On April 1, 1948, shortly after the electrical installation on the building had begun, an oral agreement was entered into between appellant union and NECA, whereby appellee agreed, in effect, to increase the wages of its union employees 12½¢ per hour upon the condition that such increase would be refunded by appellant to appellee in the event such increase could not be passed on to the general contractor or owner of the building. Similar oral agreements were made to apply from July 9, 1948 and from November 1, 1948, respectively, for additional raises of wages of 12½¢ per hour.

Appellee paid the wage increases agreed upon but such wage increases could not be passed on to the general contractor or owner of the building. Being unable to collect the promised refunds, or to secure any adjustment of the matter after an abortive effort to do so, appellee instituted this suit against appellant on or about July 15, 1949.

In its Fifth Amended Answer which was filed in the cause on July 2, 1952, appellant interposed a plea in abatement, urging that appellee's suit was prematurely brought because he had not exhausted his contract remedies relating to arbitration. Subject to its plea in abatement, appellant also raised the same contention by a plea in bar. The plea in abatement was overruled on September 25, 1953, and appellant excepted. The case was tried on its merits in June of 1954. In submitting the case to the jury, the trial court refused appellant's timely request to submit to the jury for determination the issue as to whether appellee failed to refer the dispute to the Council on Industrial Relations for the Construction Industry of the United States and Canada.

Under the first, second and eighth points in its brief, appellant says the trial court erred in overruling its plea in abatement, in refusing its requested issue as to whether or not appellee failed to refer his dispute with appellant to the Council on Industrial Relations as provided for in the collective bargaining agreement between appellant and NECA, and in overruling its motion for a peremptory instruction because the undisputed evidence showed appellee had not exhausted his contract remedies relating to arbitration.

Sections 7, 8 and 9 of Article 1 in the collective bargaining contract between NECA and appellant union are as follows:

"Sec. 7. All grievances or questions in dispute shall be taken up for adjustment by the duly selected representatives of both parties to this agreement. In the event that these two are unable to adjust any matter within forty-eight

(48) hours they shall refer same to the Joint Conference Committee.

"Sec. 8. All matters coming before the Committee shall be decided by a majority vote. Four (4) members of the Committee, two (2) from each of the parties hereto, shall be a quorum for the transaction of business, but each party shall have the right to cast the full vote of its membership and it shall be counted as though all were present and voting.

"Sec. 9. Should this Committee fail to agree or to adjust any matter, such shall then be referred to the Council on Industrial Relations for the Construction Industry of the United States and Canada. The decision of the Council shall be final and binding on both parties hereto."

The undisputed evidence adduced on the hearing of appellant's plea in abatement and on the trial of the merits shows that after appellee had completed his contract with E. V. McCreight to install the electrical work in the M & W. Tower Building, he billed appellant for a refund of the increase in wages he had paid to his union employees under the verbal agreements made with appellant on April 1, July 9, and November 1, respectively, of 1948. Upon inquiry by appellee as to why his bill was not paid, he was told by agents of appellant and NECA that some question had arisen as to the validity of his claim. After repeated demands for payment, appellee appeared near the end of 1948 before a Joint Conference Committee for the purpose of discussing his claim against appellant. The Committee and its members failed and refused to take any action, to reach any decision, or to make any recommendation on appellee's claim. In the early part of 1949 appellee advised NECA that he was withholding the further payment of dues to that association until such time as he could get some sort of decision or recommendation on his claim against appellant. He was then advised by NECA that his resignation as a member of the association had been accepted. Thereafter, upon further inquiry, he was told by representatives of NECA and appellant that there was nothing else he could do to get action on his claim, "that he was no longer a member of NECA and had no recourse until the two boards took action." No action had been taken by the Conference Committee at the time the case was tried in 1954 and appellee's claim was never referred to the Council of Industrial Relations by appellee, by appellant or by NECA.

■ We have been cited to no statutory enactment, either Federal or State, which is applicable to the arbitration question involved in this case. Consequently, we must look to the common law, and to the court decisions applying the same, for a proper solution of the problem confronting us. In doing so, we should bear in mind the time-honored tradition which is deeply imbedded in our jurisprudence to the effect that the legally constituted courts of this country should be open and accessible to all aggrieved citizens as the place of refuge to which they may finally go with confidence for the protection of their legal rights and for a lawful redress of any wrong suffered.

■ We are not unmindful that the courts favor arbitration as a means of disposing of pending disputes and will generally indulge every reasonable presumption to uphold arbitration proceedings which have resulted in an award. But, a mere agreement to submit disputes to arbitration, not consummated by an award, does not oust the courts of their jurisdiction to adjudicate such disputes, and is no bar to an action concerning the subject matter of the arbitration. 6 C.J.S., Arbitration and Award, § 29-a, page 169, and authorities.

■ In our opinion, the law applicable to the points here under consideration is correctly stated in 4 Tex.Jur., p. 671, Sec. 11, with supporting authorities there cited, such statement being as follows: "Public policy does not permit the courts to be ousted of jurisdiction by a provision in an executory contract that any disputes arising

out of it shall be settled by arbitration, and when such a provision is invoked for that purpose it will be held void. However, if, before suit is instituted, the parties have proceeded to arbitrate under the contract, and an award has been made, suit to enforce liability must be brought upon the award and not upon the contract. This rule applies to both common-law and statutory arbitrations." See also 6 C.J.S., Arbitration and Award, § 33, page 173 and authorities; 3 Am.Jur., p. 856, Sec. 31 and authorities.

■ It is quite clear from the record before us that the sole purpose of appellant's belated attempt to invoke the arbitration provisions contained in the collective bargaining contract between it and NECA was and is to oust the courts of jurisdiction to adjudicate the claim asserted herein by appellee. We hold that such provisions are not available to or binding upon either party to this suit for that purpose. Therefore, we overrule appellant's first, second and eighth points of error. Tejas Development Co. v. McGough Bros., 5 Cir., 165 F.2d 276 and authorities there cited.

Under other points in its brief appellant says the trial court erred in certain rulings with respect to the admissibility of evidence offered during the trial and that the evidence admitted was insufficient to sustain the findings of the jury as to the number of hours appellee's union employees worked on the M & W Tower Building after each of the three wage increases was put in effect on April 1, July 1, and November 1, respectively, of 1948. The statement of facts in the case covers more than 700 pages, with numerous additional exhibits which were offered in evidence. Without discussing the various rulings of the trial court on the admissibility of the evidence of which complaint is made, or the probative force and weight of the evidence admitted, it must suffice to say that we have considered each of appellant's points of error and have concluded that each should be overruled.

Accordingly, the judgment of the court below is affirmed.