Fred E. KELSO, d/b/a Houston Security
Underwriters, Appellant,

v.

J. D. WHEELER, Receiver of Century
Lloyds, Appellee.

No. 13169.

Court of Civil Appeals of Texas.

Houston.

Jan. 23, 1958.

Herman D. Voorhees, Houston, for appellant.

Vinson, Elkins, Weems & Searls, and Robert E. Morse, Jr., Houston, for appellee.

WERLEIN, Justice.

This suit was filed by appellant, Fred E. Kelso, doing business as Houston Security Underwriters, against Century Lloyds, appellee, praying for damages and an injunction to prevent appellee from cancelling certain insurance policies and terminating appellant's agency. The injunction was denied October 21, 1952. Appellee filed a cross-action, attaching thereto as "Exhibit A" a sworn statement of account, alleging a balance due appellee by appellant in the sum of $4,753.96. Appellant filed what he termed "Plaintiff's First Amended Answer" in which he pleaded that the account sued on by appellee was without foundation and was wholly not just or true. This answer was sworn to by appellant. He also set out his cause of action against appellee, alleging among other things that he had suffered loss as the result of appellee's arbitrary cancellation of all his policies with Century Lloyds. He prayed for actual damages in the sum of $10,000 and the amount of $5,728.31 in premium commissions, and also for exemplary damages. Thereafter, appellant filed what he termed his "Second Amended Answer" in which he set out his alleged cause of action, and in which he asked judgment for the debt owing him in the sum of $5,728.31 and $10,000 as actual and exemplary damages growing out of the gross negligence of appellee in failing and refusing to service premium notes and to collect installments thereon as they fell due. Appellant's second amended answer, upon which the case went to trial, contained only an unsworn denial of appellee's cross-action.

Appellee Century Lloyds' authority to do business was revoked November 1, 1954, by the 53rd District Court of Travis County, Texas, in Cause No. 99788. J. D. Wheeler, who was appointed Receiver of said company and duly qualified, was substituted in this cause as defendant and cross-plaintiff by order of the court entered March 14, 1955.

The case was tried before the court without a jury. The trial court denied appellant any recovery and entered judgment for appellee in the sum of $3,000 damages together with $150 attorney's fees and costs of court.

■■ Appellant's first point of error is that the court erred in admitting the sworn statement of account introduced by appellee, since appellant had filed a sworn denial. While it is true that the first amended pleading of appellant contained a sworn denial of the account introduced by appellee the second amended answer of appellant to such account did not. Since the second amended pleading superseded the first amended answer of the appellant to appellee's cross-action, the trial court properly admitted the sworn statement of account in connection with the cross-action of appellee. See Rule 65, Texas Rules of Civil Procedure. It has been held that an amended answer or amended petition is not in supplement of the pleading it amends and is not to be taken into consideration along with it. The amendment completely supplants the pleading it amends. See Dyche v. Simmons, Tex.Civ. App., 264 S.W.2d 208, writ refused, n. r. e.; Ward v. Wingate, Tex.Civ.App.1955, 280 S.W.2d 938; Hawkins v. Collier, Tex.Civ. App.1951, 235 S.W.2d 528; Hunt v. Employers Reinsurance Corporation, Tex.Civ. App., 219 S.W.2d 483, error refused, n. r. e. The trial court did not err, therefore, in admitting said sworn statement of account as defendant's "Exhibit 2."

■■ As a matter of fact, the account was admitted only for the limited purpose of showing the credits allowed. Appellant admitted that the credits as reflected in said account were correct and that he did not think there was any question about such credits. Even if the sworn denial of appellant had not been superseded, the admissions of appellant, at least to the extent that the statement was introduced in evidence, would prevent its admission from being error. Moreover, the sworn statement was also admissible for the reason that it had been correctly prepared by appellee as a tabulation and summary of many transactions between appellant and Century Lloyds. It contained approximately 50 pages, legal size, and consisted of a record of hundreds of separate items or transactions between the parties as reflected by the books of appellee. Certainly, it was within the discretion of the court to admit the exhibit as such summary or tabulation. See 17 Tex.Jur., Sec. 202, page 509, where it is stated:

§ 202. Summaries and Tabulations—Estimates.—Where books of account or accounts are voluminous, involving intrinsic details, and it is inconvenient to make the necessary examination, an expert accountant or other competent person who has examined them may be permitted to state his conclusions as to what they show, or tabulated statements made up from books in evidence may be admitted where they are shown to be correct and to contain all that which the books would show in regard to the matter involved."

■■ Although the account was admitted for the limited purpose of showing the credits allowed, it was treated by both appellant and appellee as being in evidence for all purposes in that both parties without objections being made interrogated witnesses concerning its contents. The original objection made by appellant was not renewed and hence was waived. Objections should be repeated when a witness testifies to facts which were objected to in a document offered in evidence and admitted over objection, or when another witness is called upon for the same kind of evidence after the objection has been made and overruled. See 41-B Tex.Jur., Section 149, page 177. See also McDonald v. McCrabb, 47 Tex.Civ.App. 259, 105 S.W. 238; Southland Life Insurance Company v. Hopkins, Tex.Civ.App., 219 S.W. 254; Poole v. State Highway Department, Tex. Civ.App., 256 S.W.2d 168, writ dismissed.

Appellant's first point is overruled.

Appellant's second point is that the court erred in rendering judgment for appellee because there was no competent evidence before the court to support such judgment.

■ We feel that it is unnecessary to set out the testimony adduced at the trial. Suffice it to say that we have examined the statement of facts consisting of some 226 pages and have concluded that there was ample competent testimony supporting the judgment of the trial court. We shall, however, consider the substance of some of the admissions and testimony reflected by the record.

Appellant Kelso testified on direct examination that pursuant to his employment as an agent for appellee Century Lloyds he wrote some $40,000 worth of business premiums. He did not have the money to finance the premiums himself and it was agreed that they would be handled on a premium note basis under which the appellant would generally collect 20% of the premium in cash and turn over to the company a premium note for the balance, and he was charged with the premium note less the allowed commission. Appellant claimed that the company failed to service the notes properly and cancelled much of the business he had written, charging him with earned and unpaid premiums for several months after the notes became delinquent. He admitted his written agreement to refund any commissions advanced on

the basis of notes which were not paid, and he also admitted that he was properly charged initially with $39,652.64 in premiums, and that he claimed "written commissions" thereon in the amount of only $10,074.72. He further admitted that he had collected $12,709.64 from his customers and that he turned over to Century Lloyds notes in the principal amount of $26,943, and that he paid Century Lloyds only $1,293.73 in cash collected. Appellant further admitted in effect that he would have to refund commissions on unearned premiums in an amount totalling $2,356.50, according to his statement of account, and that appellant had collected and retained $11,415.91, being $3,697.69 more than the amount of his earned commissions, totalling $7,718.22.

The controller for Century Lloyds testified that appellant owed the company a balance of $4,753.96 on his account and that although the premium payment notes were serviced, the company was required to give notice of delinquencies in hundreds of cases soon after the Texas Financial Responsibility Act became effective on January 1, 1952, Vernon's Ann.Civ.St. art. 6701h, and that as a result of cancellation of delinquent policies some $12,477.35 in unearned premiums were returned on appellant's business, and that in the cases where returned notes exceeded the returned premiums the total difference on appellant's accounts amounted to $1,694.57, and that appellant would be entitled to a credit of $1,271.68 when given proper credit in all instances of notes exceeding returned premium credits, less commissions on the earned difference for which no payment was made. The total balance due appellee, according to the sworn account, was $4,753.96. From this there was deducted the credit of $1,271.68, leaving a net amount due appellee in the sum of $3,482.28.

This witness also testified that all reasonable efforts were made to collect the notes and notify the appellant of delinquencies, but that in some cases cancellations were delayed in order to allow appellant to salvage business in accordance with his request. He further testified that the commission percentages used in the account sued on were in accordance with standard commissions allowed on the business covered, and that statements were presented to appellant showing such commissions.

Evidence was introduced to support the award of attorney's fees by the court.

The case was tried before the judge on disputed issues of fact as to whether the company properly serviced the premium payment notes, whether it gave appellant proper notice of delinquencies on said notes, whether the appellant requested the company to delay cancelling policies on which delinquent notes existed or on the other hand demanded immediate cancellation upon delinquency, and whether any loss was caused to appellant by any delay in cancellation, and also whether the commission allowances on the company's account were proper.

There was no dispute over the initial charges to appellant for the premiums on policies written, nor over the cash credits given to him, nor the amounts collected by him from his customers in cash. The policy payment notes showed that such notes were considered payment on appellant's account only to the extent actually paid and that appellant had agreed to refund commissions on premiums for which payment was not made as well as any commissions on returned premiums.

There was substantial evidence to show that appellant collected $11,415.91, which was not paid over to Century Lloyds, whereas, his earned commissions amounted to no more than $7,718.22, leaving an excess of $3,697.69 collected by appellant over and above his earnings. The trial court in entering judgment on the cross-action evidently gave appellant credit for some debatable items, and allowed attorney's fees of only approximately 5%, or $150.

Appellant did not request the court to make any findings of fact or conclusions of law, and none were filed by the trial court.

■ The law is well established that where there are no findings of fact or conclusions of law in a case tried before the court, the judgment of the court should be affirmed if it can be supported on any theory presented by the record. La Force v. Bracken, Tex.Civ.App., 163 S.W.2d 239, 240, affirmed 141 Tex. 18, 169 S.W.2d 465. The court stated:

"No findings of fact or conclusions of law were filed by the trial court and none were requested, so if the judgment can be affirmed upon any theory presented by the record, it is our duty to do so. Texas Creosoting Co. v. Hartburg Lbr. Co., Tex.Com. App., 12 S.W.2d 169; Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111; Mosley v. Gulf Production Co., Tex.Civ.App., 111 S.W.2d 726."

See Davenport v. Horton, Tex.Civ.App., 111 S.W.2d 729, wherein the court held:

"No findings of fact or conclusions of law were requested, and none were filed. It therefore becomes our duty to presume that all conflicting issues of fact were found by the trial court in favor of appellee and against appellant."

We have concluded that the record before us contains ample evidence to support the judgment entered by the trial court.

The judgment is affirmed.