**Manuel KING, d/b/a King's Snake Farm, Appellant,**

**v.**

**AIR EXPRESS INTERNATIONAL AGENCY, INC., Appellee.**

No. 14998.

Court of Civil Appeals of Texas.

Houston.

March 16, 1967.

Rehearing Denied April 13, 1967.

Heath & Robinson, Bob Heath, Houston, for appellant.

Don W. Graul, Houston, for appellee.

WERLEIN, Justice.

Appellee, Air Express International Agency, Inc., filed this suit on March 20, 1964, against All Pet Center, Inc., a corporation doing business as King's Snake & Wild Animal Farm, on a verified account for services rendered and for interest and attorney's fees. All Pet's Center, Inc., filed an answer on April 27, 1964, denying that appellee ever sold or delivered any goods or services to it, and further denying that it was doing or ever did business as King's Snake & Wild Animal Farm. On May 18, 1965, appellee filed its first amended original petition in which for the first time it complained of Manuel King, Individually and Doing Business as King's Snake Farm, and sued on the same verified account which in the affidavit to the pleading was stated to be against King's Snake & Wild Animal Farm. Citation was duly served on Manuel King on May 27, 1965. He did not file an answer until May 24, 1966, nearly a year after being served with citation.

In appellee's first amended original petition, which superseded its original petition, no mention whatever is made of All Pet Center, Inc., a corporation, and it was completely left out and omitted in the amended pleading. Under Rule 65, Texas Rules of Civil Procedure, appellee's original petition could no longer be regarded as any part of the pleading in the record of this cause. The law is well settled that an amended pleading completely supersedes and supplants the pleading which is amended. Henderson v. Jimmerson, 234 S.W.2d 710, Tex.Civ.App.1951, ref., n. r. e.; Hunt v. Employers Reinsurance Corp., 219 S.W. 2d 483, Tex.Civ.App.1949, ref., n. r. e.; Dyche v. Simmons, 264 S.W.2d 208, Tex. Civ.App.1954, ref. n. r. e.; Kelso v. Wheeler, 310 S.W.2d 148, Tex.Civ.App.1958, n.

w. h. In Brennan v. Greene, 154 S.W.2d 523, Tex.Civ.App.1941, writ. ref., the court held that parties to a suit are just as effectively dismissed from the suit by omitting their names from amended pleadings subsequently filed, as if a formal order of dismissal as to them had been entered. Hence appellee's amended petition which made Manuel King a party to the suit effectively dismissed All Pet's Center, Inc. from the suit.

On September 23, 1965, appellant not having filed an answer, although duly served with process, the court entered a default judgment against said appellant, Manuel King, doing business as King's Snake Farm, in the sum of $976.58 together with interest from date of the judgment. The amount of the judgment includes interest to date thereof in the sum of $175.50 and reasonable attorney's fees in the sum of $150.00 as found by the court. This judgment became final thirty days after it was entered. No appeal was taken therefrom nor did appellant apply for a writ of error in connection therewith. Such judgment is, therefore, in full force and effect. Even though it may have been an erroneous judgment, it was not a void judgment. Furthermore, it has not been attacked in any manner. Appellant and the court mistakenly considered it as an interlocutory default judgment, whereas it was a final judgment which disposed of all the parties and issues in the case.

On May 24, 1966, appellant filed a motion to vacate said default judgment entered on September 23, 1965. The court then entered an order on August 2, 1966 ordering that said default judgment should not be set aside and vacated. This order was of no force or effect since the trial court had no jurisdiction to enter such order months after the default judgment became final. On the same day, August 2, 1966, the court entered a judgment in which it dismissed All Pet Center, Inc., doing business as King's Snake & Wild Animal Farm, from this cause of action

although appellee's amended petition had already effectively dismissed such defendant from the suit. The court further, in such judgment, recited that the default judgment entered on September 23, 1965 against appellant was an interlocutory default judgment, and further recited that appellee was entitled to judgment against appellant in the amount sued for and entered a decree in favor of appellee and against appellant in the amount that had been awarded appellee in said default judgment. This judgment also was, and is, a nullity and of no force or effect since the trial court had no jurisdiction to enter the same. This appeal is from such judgment, which is reversed and rendered leaving undisturbed the default judgment from which no appeal was taken. Under Rule 448, T.R.C.P., costs of appeal are taxed against appellant for good cause in that appellant has appealed from a judgment that was and is a nullity.

Reversed and rendered.

COLEMAN, J., not sitting.