Henry ZOCK, Appellant,

v.

BANK OF the SOUTHWEST NATIONAL ASSOCIATION, HOUSTON, Appellee.

No. 450.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 10, 1971.

Gene H. Edwards, Ralph Abercia, Houston, for appellant.

Sandra K. Foster, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

SAM D. JOHNSON, Justice.

Summary judgment case. Bank of the Southwest National Association brought suit against Henry Zock on a promissory note dated December 28, 1965. The trial court granted the plaintiff's motion for summary judgment and entered judgment for the bank in the sum of $8,956.54. The defendant Zock duly perfects appeal to this Court.

It does not appear to be controverted that the defendant Zock, for a valuable consideration, executed and delivered to the plaintiff the promissory note in question in the original principal sum of $36,000. Though various positions and reasons are urged by the defendant it appears that his basic contention relates to the amount, if any, in which the promissory note was due, owing and unpaid at the time of suit. The bank contends that this "disputed fact" was not raised in the defensive pleadings in the trial court in proper form or substance to constitute a defense to the suit. Such contention will be sustained and the 11 points of error brought by the appellant will be overruled.

■ The instant motion for summary judgment was filed by the plaintiff and accompanied by an affidavit of the vice president of the plaintiff bank. Standing alone and absent response by the defendant, plaintiff's pleading and affidavit would form sufficent basis to support a summary judgment. Plaintiff's pleadings, the promissory note itself and the affidavit of the vice president of the bank, present evidence establishing a prima facie case in a suit on a promissory note. There was defensive pleading, however.

■ Defendant's first amended original answer and defendant's amended answer to motion for summary judgment (filed in response to plaintiff's motion for summary judgment) both contain the allegation that "proper set-offs were not allowed as credit against Defendant's indebtedness." However, both of these pleadings were signed only by the attorney for the defendant and both conclude, "I have read the above and based upon the information provided me, I believe it to be true." Neither of these pleadings were sworn to. It requires no citation of authority that defendant's response is insufficient to comply with Rule 166–A, Texas Rules of Civil Procedure. Even if contained in proper affidavit the statement that "proper set-offs were not allowed as credit against Defendant's indebtedness" is no more than a legal conclusion which is altogether insufficient for the purpose of giving factual evidence. Smith v. Crockett Production Credit Association, 372 S.W.2d 956, (Tex.Civ.App.1963), writ ref., n. r. e.

■■ The foregoing contention of the appellant, along with those remaining, is negated because defendant's initial response in the trial court (styled Defendant's Answer to Motion for Summary Judgment) and the supporting affidavit of the defendant Zock were both completely superseded by a substituted pleading (styled Defendant's First Amended Answer to Motion for Summary Judgment). Rule 65, T.R.C.P., provides:

> "Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause * * *."

Hunt v. Employers Reinsurance Corporation, 219 S.W.2d 483, (Tex.Civ.App.1949), writ ref., n. r. e. An amended pleading supersedes the original pleading even when all or part of the original pleading is sworn to

and the amended pleading is not. Stephens v. Lott, 339 S.W.2d 405, (Tex.Civ.App. 1960), no writ hist.; Kelso v. Wheeler, 310 S.W.2d 148, (Tex.Civ.App.1958), no writ hist. It is noted that there was no effort to preserve any of the prior pleadings by incorporation or reference. It is for this reason that defendant positioned himself in the trial court as relying upon unsworn pleadings signed only by the attorney for the defendant which were "based upon the information provided me."

Even if it be assumed that the different contentions asserted by the defendant were contained in a properly filed, non-superseded affidavit, made on personal knowledge, we are of the opinion that defendant still would not have raised a proper defense to a suit on a promissory note.

The trial court properly granted plaintiff's motion for summary judgment as against defendant's other contentions, each of which fails for reasons similar to those heretofore set forth.

The judgment of the trial court is affirmed.