Jack DeNINA, Appellant,

v.

BAMMEL FOREST CIVIC CLUB, INC., et al., Appellees.

No. B14–85–764–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 1986.
Rehearing Denied June 5, 1986.

Karl E. Kraft, Spring, for appellant.

Michael T. Gainer, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Bammel Forest Civic Club, Inc. ("Civic Club") and Tom and Donna Morris ("Morrises") obtained a temporary injunction enjoining Jack and Jodi DeNina ("DeNinas") from maintaining their thirteen-foot diameter satellite disc at their home in the Bammel Forest subdivision. The DeNinas bring four points of error in their appeal from the temporary injunction. They argue (1) the cause was dismissed by operation of law; (2) the disc violates no provision of the Agreement for Modification of Restrictions; (3) the Order for Temporary Injunction fails to recite legally sufficient reasons for its issuance; and (4) the appellees failed to prove the injunction was necessary to prevent irreparable harm. We overrule these points of error and affirm.

In their first point of error the DeNinas argue the trial court abused its discretion in signing the Order for Temporary Injunction because the case should have been dismissed. They argue the case should have been dismissed because although the Morrises are named as parties in the style and body of the Original Petition, they are omitted from the body of the Plaintiff's First Amended Original Petition for Temporary Injunction and Permanent Injunction. They further argue, citing Tex.R. Civ.P. 65 and *King v. Air Express International Agency, Inc.*, 413 S.W.2d 838, 839 (Tex.Civ.App.—Houston 1967, no writ), the omission dismissed the Morrises from the suit and thus only the Civic Club was left as a party plaintiff. The DeNinas contend the Civic Club has no standing to sue, and therefore, the cause became a nullity upon

the filing of the Plaintiff's First Amended Original Petition for Temporary Injunction and Permanent Injunction. They conclude that no cause existed in which the Plaintiffs' Second Amended Original Petition for Temporary Injunction and Permanent Injunction, which names the Morrises in its style and in its body, could be filed.

We disagree with the DeNinas' argument. The Plaintiff's First Amended Original Petition for Temporary Injunction and Permanent Injunction did not operate to dismiss the Morrises as parties plaintiff. Texas Rule of Civil Procedure 65 provides that amended pleadings supersede original proceedings. *Zock v. Bank of the Southwest National Association, Houston,* 464 S.W.2d 375, 376 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). The issue presented here, however, is whether a subsequent pleading filed exclusively by one party supersedes a prior pleading filed by another party. We hold that it does not.

The Civic Club and the Morrises were originally represented by Adams & Adams, P.C. Adams & Adams filed the Original Petition on behalf of both parties. Later, however, the Civic Club substituted the law firm of Cutrer, Jefferson, Aguren, Bond & Valka for the firm of Adams & Adams, P.C. The Morrises did not join in the Motion to Substitute Attorneys. After the court granted the Motion to Substitute Attorneys, Cutrer, Jefferson, Aguren, Bond & Valka filed, on behalf of the Civic Club only, the Plaintiff's First Amended Original Petition for Temporary Injunction and Permanent Injunction.

Additionally, the First Amended Original Petition does not purport to apply to the Morrises. The word "plaintiff" in the instrument's caption is written in the *singular* possessive, i.e., "Plaintiff's". If the First Amended Original Petition were intended to pertain also to the Morrises, the word would have been written in the *plural* possessive, i.e., "Plaintiffs'", as it was in the Second Amended Original petition. Furthermore, the plaintiff's First Amended Original Petition addresses the court as follows: *"BAMMEL FOREST CIVIC CLUB* [not mentioning the Morrises], Plaintiff, complains of *JACK DeNINA* and wife, *JODI DeNINA,* Defendants...." (emphasis added). This petition does not purport to speak for the Morrises.

The DeNinas argue that although the Morrises were not represented by Cutrer, Jefferson, Aguren, Bond & Valka and although the First Amended Original Petition does not purport to speak for the Morrises, the Morrises are nonetheless bound by the pleading filed by that firm. The DeNinas cite *King v. Air Express International Agency, Inc.,* 413 S.W.2d 838, 839 (Tex.Civ. App.—Houston 1967, no writ) for this proposition. In *King,* the plaintiff's first amended original petition omitted All Pet Center, Inc. as a *party defendant.* The court of appeals held that this omission dismissed All Pet Center, Inc. from the suit. Thus, in *King,* the plaintiff's amended pleading operated only against the pleader itself; the pleading precluded the plaintiff from pursuing a possible defendant. Here, under the application proposed by the DeNinas, the amended petition would operate not only against the pleader but against another *party plaintiff* as well. For this reason, *King* does not help the DeNinas' argument.

Moreover, we have found no case which holds a pleading by one party plaintiff may dismiss another party plaintiff. We refuse to adopt such a rule here because to do so would contravene the Morrises' constitutional right of access to the courts. Tex.Const. art. 1, § 13. *See IBEW, Local Union No. 59, AFL v. Whitley,* 278 S.W.2d 560, 562–63 (Tex.Civ.App. —Waco 1955, writ ref'd n.r.e.) (clause in agreement requiring arbitration of disputes could not deprive electrical contractor of access to courts). A party's right to bring and maintain a lawsuit should not be infringed when that party does nothing to justify contravening that right. We hold that the Plaintiff's First Amended Original Petition for Temporary Injunction and Permanent Injunction did not operate to dismiss the Morrises. Thus, their cause of

action was never dismissed. We overrule the appellants' first point of error.

The DeNinas argue in their second point of error that the trial court abused its discretion in granting the temporary injunction because the antenna does not violate the Agreement for Modification of Restrictions. A trial court possesses broad discretion in issuing temporary injunctions, and its rulings should not be overturned absent a clear abuse of that discretion. *Karamchandani v. Ground Technology, Inc.*, 678 S.W.2d 580, 582 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd). The DeNinas are signatories to the Agreement for Modification of Restrictions. The Morrises contend the antenna violates the following three agreement provisions:

### I.

All lots in said subdivisions shall be used for residential purposes only and no structure shall be erected, altered or placed or permitted to remain hereafter on any residential lot designated on the plat of said subdivisions other than one detached single family dwelling, one or two stories in height, and a private garage with carport....

### XXIV.

No television or radio aerial wires shall be maintained on any portion of any lot forward of the front building line of any lot in the subdivisions. There shall be no television or other electrical antenna or aerial higher than fifteen feet above the highest point of the roof line of the main residence placed on any lot, and any such antenna or aerial is prohibited in front of or outside of the building lines applicable to said lot.

### XXVIII.

No improvements of any character shall be erected, or the erection thereof begun, or changes made in the exterior design of any improvement on any lot in the subdivisions after original construction on any lot or homesite until plans and specifications have been submitted to and approved in writing by an architectural committee.

■ Whether the disc antenna violates section I above depends on whether the thirteen-foot diameter disc and its poured-cement base may be considered a "structure". The word "structure" is often used in broad sense, often in a restricted sense. Inclusion of a particular object within the term, or its exclusion therefrom, usually depends upon the context and the purpose sought to be accomplished by the provision of which the term is a part. *Stewart v. Welch*, 142 Tex. 314, 178 S.W.2d 506, 508 (1944). Restrictive covenants are to be strictly construed against those who seek to restrict the use of property, and all doubt must be resolved in favor of the free use of the property. *Davis v. Huey*, 620 S.W.2d 561, 565 (Tex.1981); *Turner v. England*, 628 S.W.2d 213, 214 (Tex.App.—Eastland 1982, writ ref'd n.r.e.).

■ The Agreement for Modification of Restrictions is a detailed document consisting of thirty-two provisions. These sections focus upon separate, specific areas such as location of buildings, building materials, garages, carports, types of structures, leasing of residences, pets, vehicles, maintenance, commercial use, and fences. Although section I is written in broad terms, we construe its purpose to be specific: to limit residences within the subdivision to *single-family*, as opposed to *multi-family*, residences. Indeed, were we to read section I as broadly as the Morrises request, we would find swimming pools, for example, prohibited. However, swimming pools are considered specifically in another section of the agreement, and section I, according to the Morrises' construction, would contradict this later provision. Thus, since the disc is not a multi-family residence, we conclude the satellite disc is not a "structure" within the meaning of the section I restriction.

■ Section XXIV specifically pertains to antennas. The DeNinas admitted at oral argument that the satellite disc is an anten-

na. They further admitted that the disc extends beyond the front line of the house when it faces in a direction to receive signals from two satellites. We hold that this violation of section XXIV justifies the trial court's discretion in granting the temporary injunction.

■ The Morrises contend the DeNinas' disc also violates section XXVIII. Whether the disc violates this section depends upon whether the disc and its base may be considered an "improvement". Employing the rules of construction set forth above, we conclude the disc is an "improvement". Reading section XXVIII to cover the satellite disc would not cause a conflict with any other provision in the agreement. Furthermore, the agreement as a whole does not express the desire to prohibit homeowners from placing *any* objects on their property. Rather, the agreement expresses the intent simply to cause any objects placed on the property to conform to community standards for appearance. For example, fences are allowed but they must be approved in advance by the architectural committee. Any change in roofing material also must be approved by the architectural committee. We conclude that the term "improvements" as used by the signatories to the agreement was intended to include objects such as the DeNinas' satellite disc.

■ Section XXVIII mandates prior architectural approval for improvements. However, only improvements varying substantially from the community's architectural scheme require approval and therefore justify the issuance of a temporary injunction when prior approval has not been obtained. *Catalina Square Improvement Committee v. Metz*, 630 S.W.2d 324, 327 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

■ We have reviewed photographs of the subject disc. It is brilliant white and contrasts markedly from the serene, wooded neighborhood lots. This clear violation of section XXVIII further justifies the trial court's exercise of discretion in granting the temporary injunction. We overrule the appellants' second point of error.

■ The DeNinas argue in their third point that the trial court abused its discretion in issuing the Order for Temporary Injunction because the order violates Tex. R.Civ.P. 683. They contend the order violates Rule 683 because it contains merely conclusory statements concerning the reason for its issuance. We disagree. The order recites "each and every resident of Bammel Forest Subdivision will be harmed by virtue of this onerous violation of the Agreement for Modification of Restrictions applicable to Bammel Forest Subdivision because of its unsightly effect upon the community." The trial court granted the order because the satellite disc is unsightly. We overrule the appellants' third point of error.

■ In their fourth point of error the DeNinas argue that the trial court abused its discretion in granting the temporary injunction because the trial court made no finding that irreparable harm would result, absent the injunction. A showing of irreparable harm, however, is not required. When a distinct or substantial breach of deed restrictions is shown, the courts will enjoin the violation even though there is no proof of actual damages or irreparable injury. *Gunnels v. North Woodland Hills Community Association*, 563 S.W.2d 334, 337 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Protestant Episcopal Church Counsel v. McKinney*, 339 S.W.2d 400, 403 (Tex.Civ.App.—Eastland 1960, writ ref'd). We determine above that the location of the disc and the DeNinas' having installed the disc without prior architectural approval constitute substantial violations of the deed restrictions. We overrule the DeNinas' fourth point of error.

Affirmed.

SEARS, Justice, concurring.

I concur in the results only. The satellite dish or disc is a television antenna and therefore subject to the provisions of Section XXIV. As such, it extends beyond the

building line and *for that reason alone* is in violation of the Agreement For Modification of Restrictions.