MEMORANDUM OPINION

 

No. 04-10-00195-CV

 

STAGE RUN OWNERS
ASSOCIATION, Inc., 

Appellant

 

v.

 

Davinder Singh BAINS
and Parmjit K. Bains,

Appellees/Cross-Appellants

 

v.

 

KB Home Lone Star, L.P.,

Cross-Appellee

 

From the 37th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008-CI-05745

Honorable David A.
Berchelmann, Jr.,[1]
Judge Presiding

 

Opinion by:   Phylis J. Speedlin, Justice

 

Sitting:                     Karen Angelini, Justice

                     Phylis
J. Speedlin, Justice

                     Rebecca
Simmons, Justice

 

Delivered and
Filed:  November 24, 2010

 

REVERSED AND
REMANDED

 

Stage Run Owners
Association, Inc. (“the Association”) challenges the summary judgment granted
in favor of Davinder Singh Bains (“Bains”) and Parmjit K. Bains.  We reverse
the judgment of the trial court, and remand the case for further proceedings.  


Factual and Procedural
Background

In 2004, Bains purchased
a new home from KB Home Lone Star, L.P. (“KB Home”) located in the Stage Run
subdivision.  The subdivision is maintained and governed by the Association,
which was organized pursuant to the Declaration of Covenants, Conditions and Restrictions
for Stage Run (“the Declaration”).  The Declaration requires submission of
plans to the Architectural Control Committee (ACC) for approval before certain
improvements can be made on home lots.  Shortly after closing on the home,
Bains had concrete pads installed in the side yards and back yard of the
property.  Bains subsequently sought approval for the pads from the
Association.  The ACC denied approval and demanded that Bains remove the
concrete pads.  Three years later, the Association filed suit against Bains for
the alleged breach of Article V of the Declaration, which provides in pertinent
part as follows: 

No building, fence, wall, parking
area, swimming pool, spa, pole, mail box, driveway, fountain, pond, tennis
court, sign, exterior color or shape, or new or modification of a structure
shall be commenced, erected or maintained upon any Lot or the patio or garage
used in connection with any Lot after the purchase of any Lot from [KB Home],
nor shall any exterior addition to or change or alteration therein be made
until the plans and specifications showing the nature, kind, shape, height,
materials and location of the same are submitted to and approved by the
Committee.  

 

The Association sought an
injunction requiring Bains to remove the concrete ground cover, as well as an
award of statutory damages and attorney’s fees under the Declaration, the
Property Code, and the Texas Declaratory Judgment Act.  See Tex. Prop. Code Ann. § 5.006 (West
2004); Tex. Civ. Prac. & Rem. Code
Ann. § 37.009 (West 2008).  

Bains answered and filed
a third-party petition against KB Home on the grounds that KB Home arranged and
negotiated for the construction of the concrete pads before Bains purchased the
house, while having knowledge of the Declaration which it created as the
subdivision builder.  Further, after Bains closed on the house, KB Home paid
for the installation of a drainage system to prevent water from draining off
the concrete pads onto Bains’s neighbors’ property.  Bains subsequently moved
for summary judgment, contending that (1) Article V does not require ACC
approval for the concrete ground cover at issue because it is not a
“structure;” and (2) even if the ground cover was a structure prohibited by
Article V, the Association impliedly waived enforcement of the restrictive
covenant because 45 other Stage Run homeowners added stone or concrete as
ground cover to their lots without ACC approval.  Bains attached his affidavit
along with photos of 45 houses in the subdivision with added concrete ground
cover visible from the street.  

The Association
responded, contending that Bains’s own deposition established that the ground
covers were a structure as contemplated by Article V of the Declaration.  The
Association also filed the affidavit of its manager, Laurinda Beaver, who
stated that only two other lots in the subdivision had non-approved concrete
ground cover, and that the Association had notified those homeowners that they
were in violation of the Declaration.  Bains filed a motion to disregard Beaver’s
affidavit, arguing that it contradicted her later deposition testimony in which
she stated she did not know how many lots had non-approved ground cover, but
that it was more than two.  The trial court heard the motion for summary
judgment, and after receiving photographs of the ground cover on Bains’s
property, granted Bains’s amended motion for partial summary judgment on the
grounds of waiver and inapplicability of the Declaration to ground cover.  The
trial court did not rule on Bains’s motion to disregard Laurinda Beaver’s
affidavit.  After the motion for partial summary judgment was granted, an
agreed take-nothing judgment was rendered as to KB Home, and Bains’s
third-party action was dismissed with prejudice.  The judgment states that “in
light of the court’s granting of a partial summary judgment on liability issues
in favor of Third-Party Plaintiffs, the Bains, and against Plaintiff Stage Run
Owners Association, Inc., a take-nothing judgment should also be entered in
favor or Third-Party Defendant KB Home Lone Star, L.P.”   

The parties proceeded to
trial on the sole remaining issue of attorney’s fees.  The amount of the fees
was stipulated.  The trial court awarded $17,500 in attorney’s fees to Bains
under the Declaratory Judgment Act, as well as conditional appellate fees.  The
trial court rendered a final and appealable judgment.  

The Association now
appeals, complaining of the summary judgment and award of attorney’s fees. 
Bains filed a notice of cross-appeal, challenging the trial court’s failure to
disregard the affidavit of Laurinda Beaver, and, in the event that any of the
Association’s issues are sustained, the take-nothing judgment as to KB Home.   


Standard of Review and Applicable Law

A ruling on a traditional
motion for summary judgment is subject to de novo review.  Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Summary
judgment is appropriate only when there are no disputed issues of material fact
and the moving party is entitled to judgment as a matter of law.  Tex. Commerce Bank, N.A. v. Grizzle, 96
S.W.3d 240, 252 (Tex. 2002).  Therefore, a traditional motion for summary
judgment is properly granted if the defendant disproves at least one essential
element of the plaintiff’s cause of action, or establishes all essential
elements of an affirmative defense.
 See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  If the
movant is successful in establishing its right to judgment as a matter of law,
the burden then shifts to the non-movant to produce evidence raising a genuine
issue of material fact.  City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678–79 (Tex. 1979).  In reviewing a traditional motion for summary
judgment, we resolve every doubt and indulge every reasonable inference in the
nonmovant’s favor.  SW Elec.
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  All evidence favorable
to the nonmovant will be taken as true.  Id.  

We review the trial
court’s construction of a restrictive
covenant de novo.  Ski Masters of Tex., LLC v.
Heinemeyer, 269 S.W.3d 662, 667 (Tex. App.—San Antonio 2008, no pet.); Owens
v. Ousey, 241 S.W.3d 124, 129 (Tex. App.—Austin 2007, pet. denied).  “[R]estrictive covenants are
subject to the general rules of contract construction.”
 Pilarcik v. Emmons, 966 S.W.2d 474, 478 (Tex. 1998); see also
Sonterra Capital Partners, Ltd. v. Sonterra Prop. Owners Ass’n, Inc., 216
S.W.3d 417, 420–21 (Tex. App.—San Antonio 2006, no pet.).  Covenants are examined
as a whole in light of the circumstances present when the parties entered into
the agreement.  Pilarcik, 966 S.W.2d at 478.  We give effect to every
sentence, clause, and word of a covenant, and avoid
constructions that would render parts of the covenant superfluous or
inoperative. Owens, 241 S.W.3d at 129–30.  The reviewing court’s primary
intent is to ascertain and give effect to the true intention of the parties as
expressed in the instruments.  Id.  Restrictive covenants are liberally
construed to effectuate their purposes and intent; however, any doubts are
resolved in favor of the free and unrestricted use of the premises.  See
Tex. Prop. Code Ann. 
§ 202.003(a) (West 2007); Sonterra Capital Partners, 216 S.W.3d
at 420.  

Whether a restrictive covenant
is ambiguous is a matter of law for the court to decide. Universal Health
Servs., Inc. v. Renaissance Women’s Group, P.A., 121 S.W.3d 742, 746 (Tex.
2003); Pilarcik, 966 S.W.2d at 478.  A covenant is unambiguous if, after
appropriate rules of construction have been applied, the covenant can be given
a definite or certain legal meaning. Pilarcik, 966 S.W.2d at 478; Pitman
v. Lightfoot, 937 S.W.2d 496, 517 (Tex. App.—San Antonio 1996, writ denied)
(holding same concerning contracts generally).  In contrast, if, after
appropriate rules of construction have been applied, a covenant is susceptible
of more than one reasonable interpretation, the covenant
is ambiguous.  Pilarcik, 966 S.W.2d at 478.  Summary judgment is
improper where a restrictive covenant is ambiguous because the interpretation
of an ambiguous contract is a question of fact for a jury.  See Dynamic
Publ’g & Distrib. L.L.C. v. Unitec Indus. Ctr. Prop. Owners Assoc., Inc.,
167 S.W.3d 341, 345 (Tex. App.—San Antonio 2005, no pet.).  Mere disagreement
over a restrictive covenant’s interpretation does not necessarily render the
covenant ambiguous.  In re D. Wilson Constr. Co., 196 S.W.3d 774, 781
(Tex. 2006); Hodas v. Scenic Oaks Prop. Ass’n, 21 S.W.3d 524, 528
(Tex. App.—San Antonio 2000, pet. denied).

Discussion

Applicability of Article V of the
Declaration

The Association first
contends the trial court erred in finding the large areas of concrete ground
cover are not ‘structures’ and thus do not require approval by the ACC.  The
Texas Supreme Court has noted that the word ‘structure’ can be used in either a
broad or restricted sense.  Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d
506, 508 (1944); see also Voice of the Cornerstone Church Corp. v. Pizza
Prop. Partners, 160 S.W.3d 657, 669 (Tex. App.—Austin 2005, no pet.).  The
broad definition is: “Any production or piece of work artificially built up, or
composed of parts joined together in some definite manner; any construction.”  Stewart,
178 S.W.2d at 508.  The restricted definition of ‘structure’ is: “A building of
any kind, chiefly a building of some size or of magnificence; an edifice.”  Id. 
The Association advocates for a broad application of the term ‘structure,’
which includes “any construction.”  It points to excerpts from Bains’s
deposition, in which he testified that it took about three weeks to erect the
ground cover, which consisted of framing of areas with wooden forms,
installation of metal mesh, drilling of holes into the foundation of the house
to tie the ground cover to the house, and pouring and leveling of concrete. 
Because Bains admitted to constructing the concrete pads from components, the
Association maintains that they are structures requiring ACC approval.  

The Association cites
several Texas cases to support its argument that the ground cover is a
structure.  Aside from choosing between a broad or narrow definition of
‘structure,’ the cases all focus on the intent of the drafters when construing
the restriction at issue.  In Stewart, the court held that a fence was a
structure falling within a restrictive covenant prohibiting a “structure of any
kind” from being built on a utility easement.  Stewart, 178 S.W.2d at
507–08.  The Stewart court reached this conclusion after considering the
intent of the restrictive covenant, which was to prevent the construction of a
house, building, or other substantial structure on the utility easement because
any such house, building, or other structure would likely interfere with the
free use of the area for the installation and maintenance of water, gas, sewer,
light, power and telephone lines.  Id. at 508.  Because the fence was
seven-feet high and built from rails, pickets, and posts set in the ground, it
constituted a “material obstacle to the use of the reserved area for its
intended purpose.”  Id.  In DeNina v. Bammell Forest Civic Club, Inc.,
712 S.W.2d 195, 198 (Tex. App.—Houston [14th Dist.] 1987, no writ), the
appellate court examined whether a thirteen-foot diameter satellite disc and
its poured-cement base violated a provision of a deed restriction which
provided that all subdivision lots must be used for residential purposes and
that no structure could be built or placed on the lot other than a
single-family home and a garage.  Id. at 198.  The DeNina court
held that the satellite disc was not a structure because it was not a
multi-family residence, and the purpose of the particular deed restriction was
to limit residences within the subdivision to single-family residences.[2]  Id. 
Most recently, the Austin Court of Appeals held that a baptismal pool violated
a restrictive covenant prohibiting “subsurface structures.”  Voice of the
Cornerstone Church, 160 S.W.3d at 662, 669.  In reaching its decision, the
court considered the entire covenant, which provided that the property was to
be used for “commercial/light industrial” purposes, as well as the fact that
the baptismal pool was created by converting an in-ground petroleum tank into a
four-and-a-half feet deep pool with concrete walls and floor.  Id. at
669.  

Bains responds that when
looking at the restrictive covenant as a whole, it is clear the drafters did
not intend to prohibit concrete ground cover.  Relying on the rule expressio
unius est exclusion alterius (the express mention of one thing is
tantamount to the exclusion of all others), Bains infers that because Article V
specifically lists 13 items which require ACC approval, yet does not include a
sidewalk or patio, the drafters must have intended to exclude ground cover.  Further,
Bains suggests that here the word “structure” refers to something more
substantial than poured concrete and applies to above-ground structures, not
ground cover.  In support, he points to Turner v. England, in which the
Eastland Court of Appeals held that a concrete tennis court slab was not a
‘structure’ prohibited by a 50-foot setback line.  Turner v. England, 628
S.W.2d 213, 214 n.3, 216 (Tex. App.—Eastland 1982, writ ref’d).  Turner
noted that there was no contention that street lights, fences, stone walls, and
paved driveways closer than 50 feet to the street were “structures.”  Id.
at 215.  Bains urges us to strictly construe the restrictive covenant against
the Association, and to resolve any doubts in favor of the free use of the
premises.  

In construing the
restrictive covenant, our primary task is to determine the intent of its
drafters.  Wilmoth v. Wilcox, 734 S.W.2d 656, 658 (Tex. 1987). 
Here, the Declaration states that it was created for the purpose of “enhancing
and protecting the value, desirability and attractiveness of [the
subdivision].”  Mindful of this, it is apparent that the drafters of the
Declaration intended to require ACC approval for exterior modifications to the
property.  Bains admitted that the ground cover was installed by framing areas
with wooden forms, installing metal mesh, drilling holes into the foundation of
the house to tie the ground cover to the house, and pouring and leveling
concrete.  Clearly, these actions constitute modifying the exterior of Bains’s
property.  Because the concrete ground cover installed by Bains is an exterior
modification, we conclude it falls within Article V of the Declaration. 
Accordingly, we hold as a matter of law that the concrete ground cover
constructed by Bains is a structure falling within Article V of the
Declaration.  Thus, we sustain the Association’s first issue, and reverse the
summary judgment in favor of Bains on this ground.  

Waiver

The Association next argues
that Bains did not establish his claim of waiver as a matter of law.  In order
to establish the affirmative defense of waiver in a deed restriction case, the
non-conforming user must prove that the violations then existing are so great
as to lead the mind of the “average man” to reasonably conclude that the
restriction in question has been abandoned and its enforcement waived.  New
Jerusalem Baptist Church, Inc. v. City of Houston, 598 S.W.2d 666,
669 (Tex. App.—Houston [14th Dist.] 1980, no writ).  Among the factors to
be considered by the “average man” are the number, nature, and severity of the
then existing violations, any prior acts of enforcement of the restriction, and
whether it is still possible to realize to a substantial degree the benefits intended
through the covenant.  Id.; Pebble Beach Prop. Owners’ Ass’n v.
Sherer, 2 S.W.3d 283, 290 (Tex. App.—San Antonio 1999, pet. denied).  

Bains submitted his
affidavit along with photographs of 45 other homes in the Stage Run subdivision
with added concrete ground cover or stone flat work.  These photographs alone,
however, cannot establish that the Association waived enforcement of the
Declaration.  First, it is unknown whether the additions were made after the
houses were purchased from KB Home.  Further, Bains does not provide any
information as to whether the owners of these houses requested ACC approval,
nor does he offer any testimony to show that the ACC did not approve the
additions.  Even assuming the affidavit of Laurinda Beaver was struck, as Bains
argues it should have been, the photographs do not amount to more than a
scintilla of evidence that the Association waived enforcement of Article V.  We
conclude Bains failed to conclusively establish his affirmative defense of
waiver as a matter of law.  Accordingly, summary judgment on the ground of
waiver was improper.  See D. Houston, 92 S.W.3d at 454.  Because
the award of attorney’s fees was premised on the granting of summary judgment
in Bains’s favor, we also reverse the award of attorney’s fees.  We sustain the
Association’s second and third issues, reverse the summary judgment on the
ground of waiver, and remand the cause to the trial court for further
proceedings.  

Cross-Appeal: Third Party Action Against KB
Home

In his issue on
cross-appeal, Bains requests that in the event we remand the cause, we also
reverse and remand the dismissal of his third-party action against KB Home.  If
a trial is necessary, Bains plans to assert that any violation of a restrictive
covenant was with the express approval of KB Home and was caused by the false
representations to Bains by KB Home’s superintendent, and to seek damages and
indemnity or contribution from KB Home.  Since Bains’s rights against KB Home
derive from the Association’s rights against Bains, Bains claims a remand of
the third-party action is necessary.  

The order dismissing KB
Home was premised on the granting of summary judgment on the liability issues
in Bains’s favor.  Because we are now reversing the order granting partial
summary judgment and remanding the cause to the trial court, we agree that
Bains should be permitted to pursue his claims for indemnity or contribution
against KB Home.  Accordingly, we also reverse the dismissal order, and remand
the cause to the trial court for further proceedings.

Conclusion

Both the order granting
partial summary judgment and the order granting attorney’s fees to Bains are
reversed.  Additionally, we reverse the order rendering a take-nothing judgment
as to KB Home.  The cause is remanded to the trial court for further
proceedings.  

 

Phylis J. Speedlin, Justice

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1] The Honorable David A. Berchelmann,
Jr., presiding judge of the 37th Judicial District Court, Bexar County, Texas,
signed the final judgment; however, the Honorable Antonia Arteaga, presiding
judge of the 57th Judicial District Court, Bexar County, Texas, conducted the
hearing on Bains’s motion for partial summary judgment and granted that
motionin Bains’s favor.





[2] The DeNina court went on to
hold that the satellite disc violated another section of the deed restriction
prohibiting electrical antenna.  Id. at 198-99.